[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cincinnati Enquirer v. Shanahan*, Slip Opinion No. 2022-Ohio-448.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-448

THE STATE EX REL. CINCINNATI ENQUIRER *v.* SHANAHAN, JUDGE.

THE STATE EX REL. VOLOKH *v.* SHANAHAN, JUDGE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cincinnati Enquirer v. Shanahan*, Slip Opinion No. 2022-Ohio-448.]**

*Mandamus—Prohibition—Writs sought to compel a judge to grant full access to documents filed in a lawsuit brought by a police officer and to prevent the judge from continuing to permit the police officer to proceed with the lawsuit under a pseudonym—Writs granted.*

(Nos. 2021-0047 and 2021-0169—Submitted November 9, 2021—Decided February 17, 2022.)

IN MANDAMUS and PROHIBITION.

————————————

**STEWART, J.**

{¶ 1} In July 2020, a Cincinnati police officer using the pseudonym "M.R." filed a complaint for injunctive relief in the Hamilton County Court of Common Pleas

alleging that several people, whom he named as defendants, had publicly made the false claim that he is a white supremacist. Along with his complaint, M.R. filed a motion for a temporary restraining order and an affidavit in support of the motion. Respondent, Judge Megan E. Shanahan, allowed M.R. to proceed in the lawsuit using the pseudonym and partially sealed M.R.'s affidavit at his request.

{¶ 2} Relators, the *Cincinnati Enquirer* ("the *Enquirer*") and Eugene Volokh, filed separate original actions in this court, each seeking a writ of mandamus and a writ of prohibition to compel Judge Shanahan to grant full access to M.R.'s affidavit and to prevent the judge from continuing to permit M.R. to use a pseudonym. We granted alternative writs in both cases and consolidated the cases for the submission of evidence and briefs. 162 Ohio St.3d 1442, 2021-Ohio-1398, 166 N.E.3d 1270; 162 Ohio St.3d 1442, 2021-Ohio-1398, 166 N.E.3d 1273. We now consolidate the cases for the purpose of this opinion and grant the writs.

## I. BACKGROUND

### A. Proceedings in the common pleas court

{¶ 3} On June 24, 2020, M.R. was on duty providing crowd control and security for a meeting at Cincinnati's city hall. M.R. alleges that he was in a hallway "occupied by a loud, unruly crowd of people that were anti-police and urging City Council to defund the police" when he made an "okay" hand gesture to someone who had asked him about the status of another officer who had just left the scene. Some people in the crowd interpreted the gesture as a white-supremacy hand signal. M.R. alleges that the next day, several people made derogatory comments about him on social media, portraying him as a white supremacist. In addition, two people filed complaints about M.R.'s conduct with the city's Citizen Complaint Authority. *See* Cincinnati City Code, Article XXVIII (creating the Citizen Complaint Authority).

{¶ 4} On July 22, 2020, M.R. filed a complaint in the Hamilton County Common Pleas Court against Julie Niesen, James Noe, Terhas White, Alissa Gilley, "Friends of Bones," and John Does Nos. 1 through 20. M.R. alleged claims of false-

light invasion of privacy, defamation, injury based on the criminal act of making a false claim against a peace officer (civil remedy permitted under R.C. 2307.60), and negligence/recklessness. When M.R. filed his complaint, he sought leave to proceed under a pseudonym and to file under seal his affidavit in support of his motion for a temporary restraining order. The affidavit included some personal details about M.R. (including his actual name and the fact that he has a wife and children) and had attached to it as exhibits several social-media posts and the citizen complaints that had been filed against him. Judge Shanahan granted M.R.'s requests that same day.

{¶ 5} On July 27, the *Enquirer* filed a motion under Sup.R. 45(F) to unseal the affidavit. Volokh filed a similar motion on August 5. The *Enquirer* later withdrew its motion, but Judge Shanahan eventually held a hearing on Volokh's motion. The hearing consisted only of arguments by counsel; although M.R.'s counsel played a surveillance video of the June 24 incident, no witnesses testified, and no evidence was admitted. M.R.'s counsel argued that it was appropriate to allow M.R. to proceed using a pseudonym and to keep the affidavit sealed because people were acting "with actual malice intending to injure [M.R.] by releasing his private, personal, confidential information."

{¶ 6} Judge Shanahan issued a second sealing order on September 21, 2020, finding that "risk of injury to persons, individual privacy rights and interests, and public safety" supported restricting public access to M.R.'s name and affidavit. The order stated:

> The plaintiff, a police officer, is involved in the apprehension of very violent and dangerous criminals. The officer's job duties expose the officer to physical harm. To require that a document with identifying information be available to the public would further risk injury to the officer and others. In the current climate, with the uptick in violent acts being perpetrated against law enforcement both on-duty and off,

active and retired, the Court finds there is a real and serious threat of physical harm. In the present case, one defendant has threatened, in writing, to publish the officer's personal identifying information and other information for the purpose of "doxing"[1] the officer. The Court finds this to be a real and present threat.

{¶ 7} Although Judge Shanahan did not expressly identify the evidence supporting her finding that M.R. had been threatened, she likely was referring to a social-media post that was attached as an exhibit to M.R.'s affidavit. The author of that post stated that he was thinking about publicizing M.R.'s name, address, and phone numbers but expressed concern about the legality of doing so. After exchanging messages with others, the poster ultimately stated that he would keep the information to himself, "[f]or now."

{¶ 8} Judge Shanahan's second sealing order continued to allow M.R. to proceed pseudonymously but it modified the original order by making parts of M.R.'s affidavit available to the public. The partially redacted affidavit omitted all references to M.R.'s name and to the fact that M.R. has a wife and children. The exhibits to the affidavit remained sealed.

### B. Identification of M.R. from other sources

{¶ 9} The parties to these cases have presented evidence showing that M.R.'s identity has been revealed publicly multiple times since he filed his complaint.

{¶ 10} Judge Shanahan submitted four news articles published by the *Enquirer* that name the police officer as the plaintiff in the underlying lawsuit and as the person against whom citizen complaints were made alleging the use of a white-supremacy hand gesture. In addition, Volokh submitted a redacted transcript of a

---

1. "Dox" is an informal word that means to "publicly identify or publish private information about (someone) especially as a form of punishment or revenge." https://www.merriam-webster.com/dictionary/dox (accessed Jan. 6, 2022) [https://perma.cc/P7TE-CMYC].

hearing held before a common-pleas-court magistrate on September 18, 2020, on a petition for a civil protection order filed by M.R.'s wife. M.R.'s wife had sought a civil protection order against someone who had allegedly used social media to identify her as M.R.'s wife, publicize her address, and disclose the fact that she has children. During the hearing, M.R.'s wife's attorney (who is also M.R.'s attorney) referred to M.R. by name and identified him as the police officer who filed the lawsuit underlying these cases.

### C. The mandamus and prohibition claims

{¶ 11} In these original actions, the *Enquirer* and Volokh seek writs of mandamus to compel Judge Shanahan to grant public access to all court records in M.R.'s case and to direct M.R. to file a complaint using his name. They also seek writs of prohibition to prevent the judge from enforcing her sealing orders.

### II. ANALYSIS

### A. Joint motion for in camera review

{¶ 12} The parties have jointly moved the court to review in camera M.R.'s unredacted affidavit. Because the unredacted affidavit is relevant to the issues presented, the motion is warranted.

{¶ 13} The request, however, is complicated by the fact that the parties in these cases (the *Enquirer*, Volokh, and Judge Shanahan) do not have access to the unredacted affidavit. But this court has access to the affidavit because it is part of the record of a pending discretionary appeal involving M.R.'s lawsuit, Supreme Court case No. 2020-1131, *M.R. v. Niesen*. The parties have jointly requested that we direct the clerk of this court to supplement the record in these cases with that document, under seal. We grant that request and direct the clerk to supplement the record in these cases with the unredacted affidavit. Because we are granting writs of mandamus ordering Judge Shanahan to make the unredacted affidavit fully accessible to the public, there is no need for the clerk to file the affidavit under seal.

So, we grant the request to supplement the record with the unredacted affidavit (including its attached exhibits) but deny the request to file the affidavit under seal.

## B. Distinguishing between the law that applies to the sealing of the affidavit and the law that applies to the use of the pseudonym

{¶ 14} Documents filed in a judicial action generally are "case documents" under Sup.R. 44(C)(1). A case document is a "court record," Sup.R. 44(B), and "[c]ourt records are presumed open to public access," Sup.R. 45(A).

{¶ 15} But a document is not considered to be a case document—and thus is not open to public access—if a court has restricted access to it under Sup.R. 45(E). Sup.R. 44(C)(2)(c). Sup.R. 45(E)(2) provides that a court shall restrict public access to a case document "if it finds by clear and convincing evidence that the presumption of allowing public access is outweighed by a higher interest." The rule directs a court to consider (1) "[w]hether public policy is served by restricting public access," (2) "[w]hether any state, federal, or common law exempts the document or information from public access," and (3) "[w]hether factors that support restriction of public access exist, including risk of injury to persons, individual privacy rights and interests, proprietary business information, public safety, and fairness of the adjudicatory process." Sup.R. 45(E)(2). When a court restricts public access, it must use "the least restrictive means available." Sup.R. 45(E)(3).

{¶ 16} Judge Shanahan's restriction of access to M.R.'s affidavit prevents the public from seeing a document that was filed in M.R.'s case. That restriction falls squarely within the scope of Sup.R. 45(E).

{¶ 17} M.R. also invoked Sup.R. 45(E) in seeking leave to proceed under a pseudonym. M.R. relied on Sup.R. 45(E)(3), which provides that "[w]hen restricting public access to a case document or information in a case document pursuant to this division, the court shall use the least restrictive means available, including * * * (e) [u]sing initials or other identifier for the parties' proper names." But Judge Shanahan's order cannot be viewed as an application of Sup.R.

6

45(E)(3)(e), which assumes that the court possesses a document that needs to be restricted in some way. Sup.R. 45(E)(3)(e) does not apply here, because Judge Shanahan never restricted access to any part of M.R.'s complaint. Sup.R. 45 does not authorize a person in M.R.'s situation to file a complaint using a pseudonym, nor does it authorize a judge to validate such a filing. The pseudonym issue therefore cannot be analyzed under the framework of Sup.R. 45.

### C. The sealing of the affidavit

#### *1. Mandamus*

##### ***a. Legal standard***

{¶ 18} To be entitled to a writ of mandamus, a relator must establish by clear and convincing evidence a clear legal right to the requested relief and a clear legal duty on the part of the respondent to provide it. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13. A relator in a mandamus case usually must also demonstrate that he lacks an adequate remedy in the ordinary course of law. *Id.* But Sup.R. 47(B) provides that a person aggrieved by a court's failure to comply with Sup.R. 44 through 47 may pursue an action in mandamus under R.C. Chapter 2731. Because the rule authorizes a mandamus action, the *Enquirer* and Volokh do not need to show that they have no other remedy. *See State ex rel. Xenia v. Greene Cty. Bd. of Commrs.*, 160 Ohio St.3d 495, 2020-Ohio-3423, 159 N.E.3d 262, ¶ 7.

{¶ 19} These mandamus claims require us to review the correctness of Judge Shanahan's orders. Judge Shanahan argues that in doing so we may examine only whether she complied with Sup.R. 45(E)'s procedural requirements. She invokes the rule that "mandamus will not lie to control judicial discretion, even if that discretion is abused," *State ex rel. Rashada v. Pianka*, 112 Ohio St.3d 44, 2006-Ohio-6366, 857 N.E.2d 1220, ¶ 3. But in cases like these—when a court has shielded documents under Sup.R. 45(E) and a nonparty seeks mandamus relief—we have reviewed the trial-court order de novo. *See State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio

St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, ¶ 15, 31; *State ex rel. Vindicator Printing Co. v. Wolff*, 132 Ohio St.3d 481, 2012-Ohio-3328, 974 N.E.2d 89, ¶ 34, 37; *see also State ex rel. Scripps Howard Broadcasting Co. v. Cuyahoga Cty. Court of Common Pleas, Juvenile Div.*, 73 Ohio St.3d 19, 23, 652 N.E.2d 179 (1995) (applying de novo review in case decided prior to the promulgation of Sup.R. 45). We therefore need not defer to Judge Shanahan's factual findings.

### b. Clear legal right/clear legal duty

{¶ 20} The issue here is whether Judge Shanahan improperly restricted access to M.R.'s affidavit under Sup.R. 45(E). If the judge erred, M.R.'s unredacted affidavit is a case document under Sup.R. 44(C)(1). And if the affidavit is a case document, then the *Enquirer* and Volokh have a clear legal right to access it and Judge Shanahan has a clear legal duty to allow access. *See* Sup.R. 44(B) and 45(A).

{¶ 21} Sup.R. 45(E)(2) authorizes a court to restrict public access to a document only "if it finds by clear and convincing evidence that the presumption of allowing public access is outweighed by a higher interest." Judge Shanahan acknowledges that the party promoting the restriction has the burden of proof. So, for the *Enquirer* and Volokh to prevail, they need to show only that the judge's findings were not supported by clear and convincing evidence.

{¶ 22} As noted above, Sup.R. 45(E)(2) provides a nonexhaustive list of factors a court must consider when deciding whether to restrict public access to a document. In her second sealing order, Judge Shanahan found that "risk of injury to persons, individual privacy rights and interests, and public safety" supported restricting public access to M.R.'s affidavit. In the judge's view, identifying M.R. would increase the risk of physical harm to M.R. and his family, particularly "[i]n the current climate, with the uptick in violent acts being perpetrated against law enforcement." The judge noted that one of the defendants had "threatened, in writing, to publish [M.R.'s] personal identifying information and other information for the purpose of 'doxing' [M.R.]."

**{¶ 23}** The *Enquirer* and Volokh argue that these findings were not supported by evidence, much less the clear and convincing evidence required under Sup.R. 45(E)(2). They contend that M.R. did not present any evidence showing that he has been threatened and that Judge Shanahan merely speculated about the general risks police officers face. The *Enquirer* and Volokh also note that although M.R. testified in his affidavit that his work as a police officer causes him to be concerned for his personal safety and the safety of his family, he failed to tie those concerns to his lawsuit or the incident at city hall.

**{¶ 24}** For her part, Judge Shanahan argues that there is evidence that one of the defendants "claimed to be in possession of M.R.'s address, with the clear intent of eventually publishing it to his followers." The judge adds, without elaboration, that "M.R.'s complaint makes numerous allegations of social media postings that certainly could be considered threatening in nature." At bottom, the judge attempts to justify her orders by arguing that "at least one defendant has threatened to publish M.R.'s personal identifying information for the purpose of 'doxing' the officer."

**{¶ 25}** Judge Shanahan has not shown that the evidence clearly and convincingly justified restricting access to M.R.'s affidavit. To start, the social-media post the judge refers to did not express a clear intent to publicize M.R.'s name, address, and phone numbers. The poster posed a question about whether it would be legal for him to release information about M.R. Although the poster left open the possibility that he might release M.R.'s information, he suggested that he would not do so unless he was told that it was legal. Moreover, making M.R.'s affidavit publicly available would not increase the risk that the poster would publish M.R.'s name, address, and phone numbers, because the poster already has that information.

**{¶ 26}** And even if the poster's statement constituted a genuine threat to publicize M.R.'s information, Judge Shanahan has not shown that the publication would create a risk of injury to M.R. or his family within the meaning of Sup.R. 45(E)(2). *See United States v. Cook*, 472 F.Supp.3d 326, 335 (N.D.Miss.2020)

(discussing "doxing" and concluding that "sharing public information, while potentially offensive and disagreeable, does not rise to the level of a true threat"). Although in her order restricting public access to M.R.'s affidavit Judge Shanahan cited real risks that police officers face, M.R. had not presented any evidence of a threat of physical harm directed at him or his family.

{¶ 27} As a final matter, Judge Shanahan argues that the *Enquirer* and Volokh have not been harmed by the partial sealing of M.R.'s affidavit, because her courtroom remains open to the public and the *Enquirer* has published the name of the person it believes to be M.R. The issue, however, is not whether the *Enquirer* and Volokh have knowledge of M.R.'s identity or whether they can publish his name. The issue is whether documents filed in M.R.'s case are court records that must be accessible to the public. The *Enquirer* and Volokh do not need to prove that they have been injured to be entitled to relief in mandamus in these cases.

{¶ 28} The *Enquirer* and Volokh have a clear legal right of public access to M.R.'s affidavit, and Judge Shanahan has a clear legal duty to provide that access. Accordingly, we grant a writ of mandamus in both cases ordering Judge Shanahan to make the affidavit fully accessible to the public.

*2. Prohibition*

{¶ 29} To be entitled to writs of prohibition, the *Enquirer* and Volokh must prove that Judge Shanahan has exercised or is about to exercise judicial power without authority and that they lack an adequate remedy in the ordinary course of law. *State ex rel. Sliwinski v. Burnham Unruh*, 118 Ohio St.3d 76, 2008-Ohio-1734, 886 N.E.2d 201, ¶ 7. In *Wolff*, when we issued a writ of mandamus to compel access to court records, we also issued a writ of prohibition to invalidate the trial court's erroneous orders and prevent the judge from restricting access. 132 Ohio St.3d 481, 2012-Ohio-3328, 974 N.E.2d 89, at ¶ 38-40. For the reasons discussed above, we hold that the *Enquirer* and Volokh have shown that they are entitled to writs of prohibition to prevent Judge Shanahan from restricting access to M.R.'s affidavit.

*See also State ex rel. Plain Dealer Publishing Co. v. Geauga Cty. Court of Common Pleas, Juvenile Div.*, 90 Ohio St.3d 79, 82, 734 N.E.2d 1214 (2000) ("Prohibition is the appropriate action to challenge trial court orders restricting public access to pending litigation").

### D. The use of the pseudonym

*1. Prohibition is the appropriate remedy*

**{¶ 30}** Civ.R. 10(A) requires plaintiffs to provide their names and addresses in the captions of their complaints. The rule ensures that judicial proceedings will be conducted in public, *Doe v. Bruner*, 12th Dist. Clinton No. CA2011-07-013, 2012-Ohio-761, ¶ 5, and it supports the principle that "[t]he people have a right to know who is using their courts," *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir.1997).

**{¶ 31}** The public's right to know a litigant's identity derives from the United States and Ohio Constitutions and the common law. *See Doe v. Stegall*, 653 F.2d 180, 185-186 (5th Cir.1981) (recognizing that a party's use of a pseudonym implicates the public's First Amendment rights); Ohio Constitution, Article I, Section 16 ("All courts shall be open * * *"); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir.2000) ("Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings"). The public, therefore, must have a way to challenge a court order that limits access to judicial proceedings. *See Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 609, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982), fn. 25. The *Enquirer* and Volokh each seek both a writ of mandamus and a writ of prohibition.

**{¶ 32}** The *Enquirer* and Volokh seek writs of mandamus to compel Judge Shanahan to "order M.R. to proceed under his real name." Although the *Enquirer* and Volokh frame their mandamus claims in terms of compelling Judge Shanahan to act, in substance they seek to undo the effect of her orders allowing M.R. to forgo the requirements of Civ.R. 10(A). Under these facts, the appropriate remedy is

prohibition, not mandamus. Indeed, in cases involving other types of limitations on public access, we have held that "prohibition is the *only* remedy available to nonparties who wish to challenge an order which restricts the rights of free speech and press." (Emphasis sic.) *State ex rel. News Herald v. Ottawa Cty. Court of Common Pleas, Juvenile Div.*, 77 Ohio St.3d 40, 43, 671 N.E.2d 5 (1996) (involving a gag order); *see also Plain Dealer*, 90 Ohio St.3d at 82, 734 N.E.2d 1214 (involving a court order denying public access to court proceedings).

*2. Standard of review*

**{¶ 33}** As previously mentioned, to be entitled to writs of prohibition, the *Enquirer* and Volokh must prove that Judge Shanahan has exercised or is about to exercise judicial power without authority and that they lack an adequate remedy in the ordinary course of law. *Sliwinski*, 118 Ohio St.3d 76, 2008-Ohio-1734, 886 N.E.2d 201, at ¶ 7. There is no question that Judge Shanahan has exercised judicial power. Nor is there any question that the *Enquirer* and Volokh lack an adequate remedy in the ordinary course of law. Judge Shanahan argues that Sup.R. 45(F)(1) provides an adequate remedy because it allows "any person" to file a motion requesting access to a case document that has been restricted under Sup.R. 45(E). But as discussed above, Sup.R. 45 does not apply to Judge Shanahan's decision allowing M.R. to use a pseudonym.

**{¶ 34}** As to whether Judge Shanahan lacked authority to allow M.R. to use a pseudonym, the judge argues that the scope of our review is limited to whether she abused her discretion. In support, the judge points to several cases in which an appellate court reviewed whether a trial court had abused its discretion by granting or denying a party's motion to proceed pseudonymously. It appears that when reviewing such orders *on appeal*, appellate courts regularly review them for an abuse of discretion. *See, e.g.*, *Bruner*, 2012-Ohio-761, at ¶ 8; *Doe v. Megless*, 654 F.3d 404, 407 (3d Cir.2011); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2d Cir.2008); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir.2004); *Unwitting*

*Victim v. C.S.*, 273 Kan. 937, 949, 47 P.3d 392 (2002); *Advanced Textile*, 214 F.3d at 1069; *M.M. v. Zavaras*, 139 F.3d 798, 802 (1998); *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir.1993); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir.1992).

{¶ 35} But the cases before us are not appeals. They are original actions in which nonparties to the underlying litigation claim infringement of their constitutional and common-law rights. These cases require us to decide a legal question: Has M.R. overcome the constitutional and common-law presumption that he must litigate his lawsuit using his actual name? We cannot defer to Judge Shanahan's answer to that question, because doing so would reverse the presumption of openness by requiring the *Enquirer* and Volokh to show that they have a right to see M.R.'s name on court filings. We therefore consider de novo whether it is appropriate for M.R. to proceed using a pseudonym.

### 3. M.R.'s use of a pseudonym

{¶ 36} It is the rare exception for a litigant to be allowed to proceed anonymously. *See Megless* at 408. A court may excuse a plaintiff from identifying himself only when his "privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter* at 560. Courts have identified numerous factors that may be relevant to balancing a plaintiff's privacy interests against the presumption of openness. *See, e.g.*, *Porter* at 560-561, citing *Stegall*, 653 F.2d at 186; *Sealed Plaintiff* at 190. Relevant to the cases before us, two factors are at issue—threat of retaliation against the plaintiff and public disclosure of the plaintiff's identity.

{¶ 37} M.R. asked to remain anonymous based on his concern that someone had threatened to publish his personal information. Judge Shanahan found that this threat was real and could lead to an act of violence against M.R. or his family. But this potential threat against M.R. was insufficient to justify his use of a pseudonym. A plaintiff seeking to proceed anonymously for fear of retaliation must show that *the filing of the lawsuit* causes a risk of retaliation. *See Porter*, 370 F.3d at 560-

562; *Sealed Plaintiff*, 537 F.3d at 190; *Stegall*, 653 F.2d at 186; *Bruner*, 2012-Ohio-761, at ¶ 9. M.R. did not establish that causal connection; he did not show that any risk of harm against him or his family would increase if he were required to prosecute his lawsuit using his name.

{¶ 38} Moreover, M.R. did not show that the threat of his name, address, and phone numbers being published was the sort of threat that could justify the use of a pseudonym. The Ninth Circuit has identified three factors that courts should consider when a plaintiff alleges that the use of a pseudonym is necessary to protect against a threat of retaliation: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation." (Citations omitted.) *Advanced Textile*, 214 F.3d at 1068. M.R. did not show that anyone actually threatened him or his family or that his concerns are reasonable.

{¶ 39} As noted in a parenthetical above, a threat to publicize someone's name, address, and phone numbers, though potentially "offensive and disagreeable," does not create an inherent risk of injury to that person. *Cook*, 472 F.Supp.3d at 335. M.R. and Judge Shanahan both cited real risks that police officers face, and they referred to current societal factors that may put law-enforcement officers at an even greater risk of harm. But these general risks do not show that M.R. "uniquely will face an increased threat of violence—above the generalized threat of violence that all police officers face—as a result of filing [his] lawsuit," *Doe v. McKesson*, 322 F.R.D. 456, 458 (M.D.La.2017), *vacated on other grounds sub nom. McKesson v. Doe*, __ U.S. __, 141 S.Ct. 48, 208 L.Ed.2d 158 (2020); *see also Doe v. McKesson*, 945 F.3d 818, 835 (5th Cir.2019), fn. 12 (affirming the district court's decision disallowing the use of a pseudonym), *vacated on other grounds sub nom. McKesson v. Doe*, __ U.S. __, 141 S.Ct. 48, 208 L.Ed.2d 158.

{¶ 40} And finally, even if M.R. had identified a threat of harm attributable to the filing of his lawsuit, the weight of his privacy interest diminished

14

significantly when he disclosed in his complaint that on June 25, 2020, Terhas White and Alissa Gilley filed citizen complaints against him with the Citizen Complaint Authority. M.R. acknowledged that those complaints—which disclose his name—are public records. And the *Enquirer* referred to the citizen complaints when it published four news articles identifying M.R. by name. Thus, M.R. himself did not completely conceal his identity in filing his lawsuit and undermined his claimed right to privacy. In addition, M.R.'s attorney disclosed M.R.'s identity in open court while seeking a civil protection order on behalf of M.R.'s wife.

**{¶ 41}** Judge Shanahan suggests that the reporting of M.R.'s identity *supports* the continued use of a pseudonym, because it shows that the *Enquirer* and Volokh know his identity and have not been harmed. The judge argues that "[t]he only practical effect of [her] order allowing M.R. to proceed pseudonymously is that a member of the public cannot glean his identity with a simple search of the clerk's website." But that is exactly the point—the public (not just the relators in these cases) has a right to know who is using the court. Except in rare cases, the public has a right to learn that information from the court itself.

**{¶ 42}** Judge Shanahan has the authority to excuse M.R. from identifying himself in his complaint only if M.R.'s "privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560. M.R. failed to identify any significant privacy interest, and he undermined any privacy interest he did have by disclosing information that led to the discovery of his identity. We grant a writ of prohibition in both cases vacating Judge Shanahan's orders and barring Judge Shanahan from allowing M.R. to proceed using a pseudonym.

### III. CONCLUSION

**{¶ 43}** We grant the parties' request to direct the clerk of this court to supplement the record in these cases with the unredacted affidavit of M.R. (including its attached exhibits) that is part of the record in case No. 2020-1131, *M.R. v. Niesen* (docket item No. 11 in the supplemental record filed on April 26, 2021), but we deny

the motion asking that the affidavit be filed under seal. We grant the writs of mandamus ordering Judge Shanahan to allow complete public access to M.R.'s affidavit. We also grant writs of prohibition, vacating Judge Shanahan's orders and barring Judge Shanahan from allowing M.R. to proceed using a pseudonym.

Writs granted.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, and BRUNNER, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Graydon Head & Ritchey, L.L.P., John C. Greiner, Darren W. Ford, and Kellie A. Kulka, for relator in 2021-0047, the *Cincinnati Enquirer*.

Stagnaro, Saba & Patterson, Co., L.P.A., and Jeffrey M. Nye, for relator in 2021-0169, Eugene Volokh.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Pamela J. Sears, Michael J. Friedmann, and James S. Sayre, Assistant Prosecuting Attorneys, for respondent.

_____