[Cite as *Doe v. Cedarville Univ.*, 2024-Ohio-100.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| JANE DOE | : | |
| | : | |
| Appellant | : | C.A. No. 29875 |
| | : | |
| v. | : | Trial Court Case No. 2023 CV 00862 |
| | : | |
| CEDARVILLE UNIVERSITY, et al. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 12, 2024

. . . . . . . . . . .

REX H. ELLIOTT & EMILY K. ANGLEWICZ, Attorneys for Appellant

JEFFREY C. TURNER, DAWN M. FRICK, & NATHANIEL W. ROSE, Attorneys for Appellees

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Plaintiff-Appellant Jane Doe appeals from an August 2, 2023 order of the Montgomery County Common Pleas Court denying her motion to proceed under a pseudonym in an action against Cedarville University and others. For the reasons that follow, we will affirm the judgment of the trial court.

I.    Facts and Course of Proceedings

{¶ 2} In the spring of 2022, Doe was a first-year nursing student at Cedarville University and an on-campus resident.   First Amended Complaint, ¶ 13.   On May 2, 2022, Cedarville's campus security was contacted by at least one person about performing a wellness check on Doe at or near Printy Hall on Cedarville's campus.   *Id.* at ¶ 15.   Sergeant Davenport of Cedarville's campus security responded to the call and asked Doe for her personal mental health information in front of other students.   *Id.* at ¶ 16-17.   Sergeant Davenport called the Cedarville Police Department to request non-emergency services and a mental health evaluation for Doe.   *Id.* at ¶ 19.

{¶ 3} Defendant-Appellee Officer Michael Whitby of the Cedarville Police Department arrived at the scene in response to Sergeant Davenport's call.   *Id.* at ¶ 21. According to Doe, "Officer Whitby proceeded to aggressively question Jane Doe about her wellbeing and mental status in front of Jane Doe's friends and colleagues."   *Id.* at ¶ 23.   Doe also alleged that "[t]hrough misleading and excessive questioning, Officer Whitby tried to trick Jane Doe into saying things that Whitby thought would justify detaining her."   *Id.* at ¶ 32.   Ultimately, Doe was transported to Miami Valley Jamestown Emergency Center and then involuntarily transported and admitted to Miami Valley Hospital in Dayton, where she was detained for more than three days.   *Id.* at ¶ 38-40.

{¶ 4} On February 21, 2023, Doe filed a complaint in Montgomery County Common Pleas Court related to the events from early May 2022.   She did not reveal her legal name in the complaint.   Doe filed a first amended complaint on April 18, 2023,

alleging a respondeat superior claim against Cedarville University and various other claims against Sergeant Davenport, Officer Whitby, Miami Valley Hospital, Premier Health Specialists, Inc., and several physicians. In her first amended complaint, Doe did not reveal her legal name and noted that "[a] motion for leave to proceed under a pseudonym will be forthcoming."

{¶ 5} Defendants filed a motion to dismiss the amended complaint due to Doe's failure to seek leave of court to proceed under a pseudonym. On May 9, 2023, the trial court ordered Doe to file an appropriate request to proceed anonymously or the case would be dismissed for failure to prosecute. Doe subsequently filed a motion to proceed under a pseudonym. Defendants opposed the motion.

{¶ 6} On August 2, 2023, the trial court denied Doe's motion to proceed under a pseudonym. The court ordered Doe to file a second amended complaint using her legal name within ten days of the order or face dismissal of her claims. Nine days later, Doe filed a notice of appeal. The parties submitted appellate briefs, and the matter is ripe for our consideration.

{¶ 7} Before resolving Doe's sole assignment of error, however, we must address Officer Whitby's contention that we lack jurisdiction over the present appeal. According to Officer Whitby, the trial court did not have jurisdiction over Doe's claims, because Doe did not seek leave from the trial court before filing her complaint or amended complaint. Appellee's Brief, p. 4-5, citing *Citizens for a Strong Ohio v. Marsh*, 123 Fed.Appx. 630, 637 (6th Cir.2005). He argues that, "[b]ecause the Trial Court has no jurisdiction over Appellant, it has no jurisdiction over her claims, and therefore this Court similarly lacks

jurisdiction over Appellant and this appeal." We do not agree.

{¶ 8} In *Marsh*, the United States Court of Appeals for the Sixth Circuit dealt with three anonymous plaintiffs, including one anonymous plaintiff who had contributed money to issue advocacy organizations in the past and who wished to continue contributing to such organizations, but refused to do so given the Ohio Election Commission's request to subpoena the donor lists of those organizations. The *Marsh* court noted that plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to the Civil Rules' requirement that a complaint must state the names of the parties. *Id.* at 636, citing Fed.R.Civ.P. 10(a) and *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir.2004). The court explained that "[o]rdinarily, a plaintiff wishing to proceed anonymously files a protective order that allows him or her to proceed under a pseudonym." *Id.* The court then concluded:

> * * * In this case, however, the docket sheet does not reflect any motion or proceeding dealing with whether the three anonymous plaintiffs could proceed under pseudonyms. Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because, as the Tenth Circuit has held, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."

*Id.* at 636-637, quoting *Natl. Commodity & Barter Assn., Natl. Commodity Exchange v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir.1989).

{¶ 9} We do not agree that the *Marsh* decision or Doe's failure to comply with

Civ.R. 10 preclude us from hearing Doe's appeal. Unlike the facts in *Marsh*, Doe filed a motion to proceed anonymously. Therefore, the trial court did not lack jurisdiction over Doe's complaint. *See Doe v. Mitchell*, S.D.Ohio No. 2:20-cv-00459, 2020 WL 6882601, *4 (Nov. 24, 2020).

{¶ 10} Further, we find persuasive the Fourth Circuit's decision in *B.R. v. F.C.S.B.*, 17 F.4th 485 (4th Cir.2021), which criticized the Tenth Circuit's decision on which the *Marsh* court relied. In *B.R.*, the Fourth Circuit explained that the heart of the defendants' argument was the contention that, because the plaintiff filed her complaint using a pseudonym, the trial court lacked subject-matter jurisdiction over the action. The court then explained that, "[a]lthough the term 'jurisdiction' has been used somewhat loosely on occasion in the past, it is now well established that it refers to 'the courts' statutory or constitutional *power* to adjudicate the case.'" (Emphasis sic.) *Id.* at 492. According to the Fourth Circuit, "when considering the components of what constitutes an Article III case or controversy, it is evident that a plaintiff's initial failure to tell the court her name in no way detracts from them." *Id.* at 494. As a result, the court concluded that while pseudonymous litigation implicates the customary and constitutionally-embedded presumption of openness in judicial proceedings, "we reject the suggestion that a plaintiff's failure to disclose her name to the court at the outset of the litigation denies the court the *power* to resolve the dispute." (Emphasis sic.) *Id.* at 496.

{¶ 11} The Ohio Constitution does not contain a case or controversy requirement like its federal counterpart. However, Article IV, Section 4(B) of the Ohio Constitution provides that "[t]he courts of common pleas and divisions thereof shall have such original

jurisdiction over all justiciable matters." There is no question that the claims raised by Doe are justiciable matters. And there is no dispute that Doe is a real person bringing these claims. Consequently, we conclude the trial court had subject-matter jurisdiction to consider both Doe's complaint and the motion to proceed under a pseudonym.

{¶ 12} Doe also contends that we have jurisdiction to hear this appeal because the trial court's order denying her motion to proceed anonymously was a final, appealable order pursuant to R.C. 2505.02(B). We agree. A court of appeals has jurisdiction to review, affirm, modify, or reverse an "order that grants or denies a provisional remedy" when both of the following circumstances are satisfied:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

R.C. 2505.02(B)(4). " 'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, [and] suppression of evidence[.]" R.C. 2505.02(A)(3).

{¶ 13} When the trial court denied Doe's motion to proceed under a pseudonym, it gave Doe ten days to amend her complaint. Doe filed her notice of appeal within this ten-day period. If we were not able to immediately review the trial court's decision denying Doe's motion to proceed under a pseudonym, the order would be effectively

unreviewable after final judgment because any relief granted at that time would have already been rendered moot when Doe was forced to reveal her name to prevent dismissal of her action. Therefore, we will consider the merits of Doe's appeal from the trial court's denial of her motion to proceed under a synonym.

II. The Trial Court Did Not Abuse Its Discretion When It Overruled Doe's Motion to Proceed Under a Pseudonym

{¶ 14} Doe's sole assignment of error states:

The Trial Court Erred and Abused Its Discretion by Denying Plaintiff's Motion to Proceed Under Pseudonym.

{¶ 15} "Civ.R. 10(A) requires plaintiffs to provide their names and addresses in the captions of their complaints." *State ex rel. Cincinnati Enquirer v. Shanahan*, 166 Ohio St.3d 382, 2022-Ohio-448, 185 N.E.3d 1089, ¶ 30. The rule ensures that judicial proceedings will be conducted in public, and it supports the principle that the public have a right to know who is using their courts. (Citations omitted.) *Id.* "The public's right to know a litigant's identity derives from the United States and Ohio Constitutions and the common law." (Citations omitted.) *Id.* at ¶ 31.

{¶ 16} "It is the rare exception for a litigant to be allowed to proceed anonymously." *Id.* at ¶ 36, citing *Doe v. Megless*, 654 F.3d 404, 408, (3d Cir.2011). A court may excuse a plaintiff from identifying herself only when her " 'privacy interests substantially outweigh the presumption of open judicial proceedings.' " *Id.*, citing *Doe v. Porter*, 370 F.3d 558,

560 (6th Cir.2004).

{¶ 17} "Courts have identified numerous factors that may be relevant to balancing a plaintiff's privacy interests against the presumption of openness." *Id.* Four of the primary considerations are: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child. *Porter* at 560, citing *Doe v. Stegall*, 653 F.2d 180, 185-186 (5th Cir.1981). Other factors that "courts have considered are whether threats of retaliation have been made against the plaintiff and the potential prejudice of the opposing party." (Citations omitted.) *Doe v. Bruner*, 12th Dist. Clinton No. CA2011-07-013, 2012-Ohio-761, ¶ 7.

{¶ 18} "[A] trial court's ruling regarding a party's request to proceed pseudonymously will not be overturned absent an abuse of discretion." (Citations omitted.) *Id.* at ¶ 8. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990), citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

{¶ 19} Doe contends that the trial court unreasonably disregarded both the stigma surrounding involuntary civil commitments and her significant privacy concerns. Further, Doe believes the trial court committed legal error by concluding there had to be a risk of violence to her or her family to justify the use of a pseudonym. Doe also argues that the

trial court erred by failing to consider her young age, the impact of social media, and the lack of prejudice to Defendants. Finally, Doe states that the trial erred by concluding that the lack of complete secrecy about her situation precluded the use of a pseudonym and that her complaint did not challenge governmental activity.

{¶ 20} Officer Whitby responds that it is undisputed that two of the four *Porter* factors fail to weigh in Doe's favor, "because this litigation will not compel her to risk criminal prosecution by disclosing an intention to violate the law, and Appellant is not a minor." Appellee's Brief, p. 7. Further, Officer Whitby contends that the trial court correctly determined that Doe "is not challenging any governmental activity in this lawsuit." *Id.* at 8. According to Officer Whitby, "[g]overnmental activity typically does not refer to the actions of a person acting on behalf of the state. Rather, it concerns plaintiffs that 'were challenging the constitutional, statutory or regulatory validity of governmental activity' or a city's custom or policy." (Citations omitted.) *Id.* Officer Whitby also argues that Doe's prosecution of this matter will not require Doe to disclose information "of the utmost intimacy." *Id.* at 9. This is so because the entire encounter was captured by Officer Whitby's body camera, which means that the entire encounter "is a matter of public record in which Appellant is clearly identified, and her actions leading to her involuntary hospitalization are readily available to be viewed by the public in perpetuity." *Id.* Further, "disclosure of medical information does not allow for anonymity in and of itself." *Id.* at 10, citing *Doe v. Univ. of Akron*, N.D.Ohio No. 5:15-cv-2309, 2016 WL 4520512, *3 (Feb. 3, 2016).

{¶ 21} Based on our review of the record and the relevant caselaw, we conclude

that the trial court did not abuse its discretion by overruling Doe's motion to proceed under a pseudonym. The trial court found that the first *Porter* factor did not weigh in Doe's favor. According to the trial court, "[t]he 'simple fact that plaintiff sues a governmental entity does not give the court more reason to grant his request for anonymity.' " August 2, 2023 Decision Denying Plaintiff's Motion to Proceed Under Pseudonym ("Decision"), p. 5, quoting *Doe v. Bowling Green State Univ.*, N.D.Ohio No. 3:22-cv-140, 2022 WL 4599247, *14 (Sept. 30, 2022). The court then explained that, "[f]or instance, Jane Doe has not alleged that Ohio's law for involuntary, emergency hospitalization procedures is facially unconstitutional, or that the Cedarville Police Department's policies and procedures related to such hospitalizations or for interacting with those who appear to be under mental distress are unconstitutional." *Id.*

{¶ 22} The trial court found that the second *Porter* factor also did not weigh in Doe's favor. The court noted that it typically is not enough that the privacy interest is compelling and that " 'the party requesting the pseudonym must typically demonstrate that there is a level of danger that the party or their family may face if the party's identity becomes known.' " *Id.* at 6, quoting *Doe v. Cuyahoga Cty.*, N.D.Ohio No. 1:22-cv-01677, 2023 WL 2374870, *2 (Mar. 6, 2023). The trial court identified and reviewed cases in which courts have held that "an individual's transgender identity can carry enough of a social stigma to overcome the presumption in favor of disclosure" and those in which "a plaintiff's privacy interests have been found not to substantially outweigh the presumption of openness when a plaintiff seeks anonymity due to a medical issue, such as a psychiatric issue, 'even though many people are understandably secretive about their medical problems.' "

*Id.*, citing *Meriwether v. Trustees of Shawnee State Univ.*, S.D.Ohio No. 1:18-cv-753, 2019 WL 2392958 (Jan. 30, 2019). The trial court also noted that "this 'utmost intimacy' factor has been found not to weigh in plaintiff's favor where the plaintiff requested anonymity in order to protect 'her sensitive medical information and reputation.' " *Id.*, citing *De Angelis v. Natl. Entertainment Group, LLC*, S.D.Ohio No. 2:17-cv-00924, 2019 WL 1071575 (Mar. 7, 2019).

**{¶ 23}** Based on its review of the caselaw and the allegations in the amended complaint, the trial court found that the prosecution of this case would not require Doe to disclose information of the utmost intimacy. *Id.* at 7. According to the court, "Doe's case does not involve the disclosure of information that carries significant social stigma, such as the disclosure of transgender identity which often carries an increased risk of violence." *Id.* The court acknowledged that courts have recognized that " 'an adjudication of mental illness carries a stigma and can have adverse consequences that significantly impact a person's life.' " *Id.* But the court found that this particular stigma did not rise to the level of establishing that prosecution of the suit will compel Doe to disclose information "of the utmost intimacy." The trial court explained, in part:

> There is no evidence or assertion before the Court that Jane Doe was involuntarily committed on a non-emergent basis or was adjudicated mentally ill. Even if Jane Doe has been so adjudicated, the Court does not find this means that information related to such an adjudication is of the utmost intimacy. Jane Doe has not argued that there is an increased threat of violence towards those who are involuntarily committed, or that such an

individual and/or his family faces an increased level of danger. The Court acknowledges that there is some stigma associated with mental health. But, courts have also recognized that "all criminal convictions carry an inherent social stigma," * * * and criminal defendants, even those accused of sexual crimes, are not named anonymously. Further, Jane Doe's Amended Complaint includes factual allegations that would make Jane Doe's identification otherwise relatively simple.

*Id.* at 8. The trial court also noted that "Jane Doe has not established that any specifics of Jane Doe's mental health could not remain protected and confidential through a standard protective order." *Id.*

**{¶ 24}** The trial court also found that the third and fourth *Porter* factors did not weigh in Doe's favor. There is no evidence or argument in the record that the litigation would compel Doe to disclose an intention to violate the law, thereby risking criminal prosecution. Further, it is undisputed that Doe is not a child but rather a young adult. *Plaintiff v. Wayne State Univ.*, E.D.Mich. No. 20-cv-11718, 2021 WL 243155, *6 (Jan. 29, 2021) ("Plaintiff's status as 'young adult' or 'young professional' is not equivalent to a plaintiff who is a child seeking to proceed anonymously.").

**{¶ 25}** The trial court weighed the relevant factors when determining that Doe had failed to establish that her privacy interests substantially outweighed the presumption of open judicial proceedings. The trial court also accurately summarized Ohio and federal caselaw addressing whether an anonymous plaintiff has established that her privacy interests substantially outweigh the presumption of open judicial proceedings. We

acknowledge that the trial court did not address in its decision whether Defendants would be prejudiced if Doe were allowed to proceed under a pseudonym. On the record before us, there does not appear to be any prejudice to Defendants if Doe is allowed to proceed anonymously. But the lack of any prejudice to Defendants is insufficient to sway the balance "substantially" in Doe's favor.

{¶ 26} Overall, we cannot conclude that the trial court abused its discretion by finding that Doe had failed to establish that her privacy interests substantially outweighed the presumption of open judicial proceedings. Crucial to the trial court's analysis was its conclusion that prosecution of the suit would not compel Doe to disclose information "of the utmost intimacy." As the trial court accurately noted, the cases in which Ohio and federal courts have found this factor weighed in favor of proceeding anonymously often involved situations where the plaintiff was likely to be subject to danger or retribution if her name was revealed or situations where the plaintiff had been a victim of sexual abuse. While Doe *could* suffer some stigma through the revelation that she was involuntarily committed for over three days, we cannot conclude that the trial court abused its discretion by finding that this detail of Doe's private life was insufficient to rise to the level of a matter of "utmost intimacy." Necessarily, most lawsuits will bring up matters that plaintiffs and defendants would prefer to keep private, including sometimes the identities of the parties. It is well-established, however, that only the "exceptional circumstance" will allow a plaintiff to proceed under a pseudonym. We agree with the trial court that Doe failed to establish her situation was one of these exceptional circumstances. Finally, we echo the trial court's statement that there is no evidence in the record that any

specifics of Doe's mental health could not remain protected and confidential through the use of a protective order.

**{¶ 27}** The sole assignment of error is overruled.

III.    Conclusion

**{¶ 28}** Having overruled the sole assignment of error, the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, J. and EPLEY, J., concur.