[Cite as *Doe v. Roe*, 2024-Ohio-2716.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JANE DOE,

       Plaintiff-Appellant,      :

                                       No. 113488

                                :

       v.

                                :

ROBERT ROE, ET AL.,

                                :

       Defendants-Appellees.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 18, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-981849

---

### *Appearances:*

Jay F. Crook Attorney at Law, LLC and Jay F. Crook, *for appellant*.

James E. Boulas Co., LPA, James E. Boulas, and Panagiota D. Boulas, *for appellees*.

Stagnaro, Saba & Patterson, Co., L.P.A., and Jeffrey M. Nye, *amicus curiae*.

EMMANUELA D. GROVES, J.:

{¶ 1} Plaintiff-appellant, Jane Doe ("Ms. Doe"), appeals the journal entry ordering her to amend the complaint to sufficiently identify herself and defendants,

Robert Roe ("Mr. Roe") and Rebecca Roe (collectively "the Roes"), by name. Upon review, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} On July 3, 2023, Ms. Doe filed a seven-count complaint against the Roes, using pseudonyms and listing the addresses of parties. The complaint asserted the following causes of action: defamation per se, defamation per quod, civil conspiracy, malicious prosecution, abuse of process, invasion of privacy and the public disclosure of private facts, and intentional infliction of emotional distress. The allegations stemmed from the Roes purported reporting of false domestic violence claims involving Ms. Doe and the children of Ms. Doe and Mr. Roe to authorities and Ms. Doe's employer. Ms. Doe claimed that she was entitled to an award of monetary and punitive damages as a result.

{¶ 3} Contemporaneously with the filing of the complaint, Ms. Doe filed a motion to proceed under pseudonym status and a motion to seal the record, seeking to protect the privacy and personal information of the parties and their children. The trial court granted Ms. Doe's motion to proceed under pseudonym status. (Journal Entry, 09/19/23). The trial court also granted in part and denied in part the motion to seal, holding that Ms. Doe failed to demonstrate a sufficient legal basis to seal the complaint and ordering the clerk of courts to follow standard redaction procedures for personal identifying information, if applicable. (Journal Entry, 09/19/23).

{¶ 4} The Roes[1] subsequently filed a motion for a more definite statement and enlargement of time to file responsive pleadings, making a limited appearance for the purpose of the motion. Therein, the Roes claimed that the complaint did not identify any of the parties as required by the rules of civil procedure, making it impossible to respond to any of the allegations. Ms. Doe opposed the motion and the Roes replied, requesting the trial court reconsider its prior decision to permit the parties to proceed under pseudonyms. In response, Ms. Doe filed a motion for sanctions, motion to strike, and motion for default judgment. The Roes opposed the motions, and Ms. Doe filed a reply in support.

{¶ 5} On December 13, 2023, the trial court issued a journal entry granting the Roes' motions for a more definite statement, enlargement of time, and reconsideration and denying Ms. Doe's motions. In so ruling, the trial court vacated the September 19, 2023 journal entry allowing the parties to proceed under pseudonyms and ordered Ms. Doe to amend her complaint to sufficiently identify the parties by name and reissue service and summons by December 29, 2023. The trial court further stated that the continued use of pseudonyms for the names of minor children contained in the complaint was permissible.

{¶ 6} Five days later, Ms. Doe appealed the trial court's December 13, 2023 order and moved to stay the proceedings pending appeal. The trial court granted

---

[1] We note that the Roes' appellate counsel entered limited appearances for the purposes of making and responding to the motions mentioned herein.

the motion and continued all pending dates and deadlines.  On appeal, Ms. Doe

raises a single assignment of error for review:

> The trial court erred in reviewing its previous decision to allow both
> appellant and appellees to proceed under pseudonym status.

## II. Law and Analysis

### A. Final Appealable Order

{¶ 7} As an initial matter, we address whether the December 13, 2023 journal

entry is a final appealable order.  Pursuant to R.C. 2502.02(B)(4), a court of appeals

has jurisdiction to review, affirm, modify, or reverse an order granting or denying a

provisional remedy when two conditions are met: (1) the order effectively

determines the action with respect to the provisional remedy and prevents a

judgment in favor of the appealing party regarding that remedy and (2) following

final judgment as to all of the action's proceedings, issues, claims, and parties, the

appealing party would not be afforded a meaningful or effective appellate remedy.

{¶ 8} Here, the trial court denied Ms. Doe's motion to proceed under

pseudonym status, ordered an amended complaint to be filed by December 29,

2023, and required that the parties be sufficiently identified by name.  (Journal

Entry, 12/13/23).  Ms. Doe filed the instant appeal prior to this deadline. As

explained in *Doe v. Cedarville Univ.*, 2024-Ohio-100, ¶ 13 (2d Dist.), and applied to

this case:

> If we were not able to immediately review the trial court's decision
> denying [Ms.] Doe's motion to proceed under a pseudonym, the order
> would be effectively unreviewable after final judgment because any
> relief granted at that time would have already been rendered moot

when [Ms.] Doe was forced to reveal [the parties'] name[s] to prevent dismissal of her action.

Accordingly, the December 13, 2023 journal entry is a final appealable order reviewable by this court.

### B. Standard of Review

{¶ 9} On appeal, Ms. Doe acknowledges that *Doe v. Bruner*, 2012-Ohio-761, ¶ 5 (12th Dist.), established an abuse-of-discretion standard when reviewing a trial court's ruling on a party's request to proceed pseudonymously. Nonetheless, Ms. Doe argues, absent direct support, that this court should review the trial court's denial of her motion de novo. Ms. Doe claims that because the trial court's ruling was based on the allegations contained in the complaint, without the consideration of outside evidence, it presents a question of law rather than fact.

{¶ 10} We decline to review de novo and apply the standard regularly employed by appellate courts: absent an abuse of discretion, a trial court's ruling on a motion to proceed under pseudonyms will not be overturned. *Id.* at ¶ 8; *Cedarville Univ.* at ¶ 18; *State ex rel. Cincinnati Enquirer v. Shanahan*, 2022-Ohio-448, ¶ 34 ("It appears that when reviewing [orders on a party's motion to proceed pseudonymously] on appeal, appellate courts regularly review them for an abuse of discretion."). An abuse of discretion "connotates more than an error of law or judgment" and "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Trunk v. Coleman,* 2024-Ohio-470, ¶ 13 (8th Dist.), citing

*Stratton v. Stratton,* 2019-Ohio-3279, ¶ 6 (8th Dist.), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

### C. Use of Pseudonym Status

{¶ 11} According to Civ.R. 10(A), the names and addresses of all parties must be included in the complaint. The rule's requirement ensures that judicial proceedings are conducted in public and supports the long-standing principle that the public has a right to know a litigant's identity. *Cedarville Univ.* at ¶ 15 (noting that the public's right to know derives from the United States and Ohio Constitutions as well as common law), citing *Shanahan* at ¶ 30-31; *Bruner* at ¶ 5, quoting *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("Identifying the parties to the proceeding is an important dimension of publicness."). The identification of the parties involved in the suit also serves the opposing parties' interest, who have a right to know the identity of the accusers "'as they may be subject to embarrassment or fundamental unfairness if they do not.'" *Bruner* at ¶ 5, quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011).

{¶ 12} Despite these well-established rules and principles encouraging the openness of judicial proceedings, parties are permitted to proceed anonymously in "exceptional circumstances." *Id*. at ¶ 6; *Shanahan* at ¶ 36 ("It is the rare exception for a litigant to be allowed to proceed anonymously."). Ohio courts have held that exceptional circumstances exist, and a party may proceed under a pseudonym, where a "'plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings.'" *Id*., quoting *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir.

2004); *Shanahan* at ¶ 36; *Cedarville Univ.* at ¶ 16.  In order to balance these concerns, Ohio courts have considered four primary factors: "(1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child." *Cedarville Univ.* at ¶ 17, quoting *Porter* at 560.  Ohio courts have also considered additional factors, including whether the plaintiff received threats of retaliation and whether the opposing party is potentially prejudiced.  *Id.*, citing *Bruner* at ¶ 7.

{¶ 13} Ms. Doe argues that the parties should be permitted to use pseudonyms based on "numerous other critical factors" derived from the Ohio Rules of Superintendence, local rules, and federal law.  She asserts that these rules and laws create "the right to proceed under pseudonym status" or a "right to keep * * * information private" because they protect the privacy of victims and children and limit or prevent public access to certain information in juvenile, civil protection order, and domestic violence cases.  Following this reasoning, Ms. Doe concludes that pseudonym status is warranted because her lawsuit involves "intimate personal details of the family dynamic" and "the litigation of this matter is inherently tied to information contained in [the civil protection order] and juvenile court dockets."  In addition to her argument that the privacy interests of minor children require the use of pseudonyms in this case, Ms. Doe asserts that further grounds for pseudonymity

include the likelihood of retaliation; amplification of pain, suffering, and personal embarrassment; and potential misuse of information to cause personal and professional harm. Another argument raised by Ms. Doe is that the Roes should be able to answer the complaint because the references contained therein make the anonymous parties readily identifiable.

{¶ 14} In response, the Roes urge this court to apply the factors traditionally considered by Ohio courts in their assessment of pseudonymity. The Roes argue that the involvement of minor children does not make the information in the complaint highly personal or sensitive in nature, noting that the children are not parties to the litigation and less restrictive means are available to protect their privacy, e.g., protection orders or the use of the children's initials. The Roes further contend that the parties' identities are critical in conducting discovery and defending a lawsuit. Finally, the Roes emphasize that Ms. Doe cannot expect to maintain anonymity from her employer when she voluntarily initiated a civil action that made her relationship with her employer an issue in the case.

{¶ 15} We hold that the trial court did not act unreasonably, arbitrarily, or unconscionably when it ordered Ms. Doe to amend her complaint and identify the parties named therein. Following the precedent set forth by other Ohio courts, we too apply the four primary factors and conclude that exceptional circumstances weighing in favor of pseudonymity do not exist in this case.

{¶ 16} Ms. Doe clearly does not meet three of the four factors: she is not seeking anonymity in a suit challenging governmental activity, she will not be

compelled to disclose an intention to violate the law, and she is not a child. Therefore, we look to the remaining factor: whether prosecution of the suit will compel Ms. Doe to disclose information of the utmost intimacy. While we appreciate the personal nature of family dynamics and the potential stigma surrounding false claims of domestic violence, we cannot say that identification of the parties discloses "information of the utmost intimacy" that exceeds the public's right to open judicial proceedings and overcomes the requirements of Civ.R. 10(A). *See, e.g.*, *Bruner* at ¶ 10 (finding that disclosure of facts surrounding a sexual assault, while likely to include information of the "utmost intimacy," is insufficient to allow plaintiff to proceed pseudonymously based on that factor alone); *Cedarville Univ.*, 2024-Ohio-100, at ¶ 26 ("While Doe *could* suffer some stigma through the revelation that she was involuntarily committed for over three days, we cannot conclude that the trial court abused its discretion by finding that this detail of Doe's private life was insufficient to rise to the level of a matter of 'utmost intimacy.'" (Emphasis in original.)).

{¶ 17} In our assessment of the four primary factors, we emphasize that the instant appeal does not involve a civil protection order, juvenile, or domestic violence case and contemplates only the identification of the adult parties in Ms. Doe's civil lawsuit. The December 13, 2023 journal entry merely requires that the names of the parties be included in the amended complaint and explicitly permits the continued use of pseudonyms for the names of minor, nonparty children. As

noted by the Roes, the parties are free to utilize other safeguards and seek protection orders to shield sensitive information throughout the course of litigation.

{¶ 18} In our application of the other factors considered by Ohio courts, we find that Ms. Doe's arguments regarding alleged fears of retaliation are insufficient to overcome the presumption against pseudonymity. A plaintiff seeking anonymity based on this factor must show that the filing of the lawsuit creates a risk of retaliation. *Shanahan*, 2022-Ohio-448 at ¶ 37. Ms. Doe has not shown that any risk of harm against her or her family would increase if she were required to identify the parties by name. Rather, Ms. Doe's fears of retaliation appear to stem from the Roes themselves, the parties she claims should already be aware of their involvement in the lawsuit based on the information contained in the complaint despite being named pseudonymously.

{¶ 19} We further find that the use of pseudonyms will hinder the Roes' ability to litigate, conduct discovery, and explore the veracity of Ms. Doe's claims in this matter, prejudicing them in their defense. While the Roes may be able to identify the anonymously named parties based on the information contained in Ms. Doe's complaint, their efforts to secure information from third parties will be limited by the use of pseudonyms.

{¶ 20} Based on the foregoing, we cannot say that this is an exceptional circumstance requiring the use of pseudonyms and agree with the trial court: Ms. Doe's privacy interests do not substantially outweigh the presumption of open judicial proceedings.

{¶ 21} Finally, we note that Ms. Doe claims that the Roes filed every motion "out of rule," were in default with regard to answering the complaint, and did not otherwise request instanter relief or leave. Ms. Doe fails to support these conclusions with any law or argument. When appellants fail to cite any legal authority in support of their claims, this court is allowed to disregard them. *Lewicki v. Grange Ins. Co.*, 2023-Ohio-4544, ¶ 41 (8th Dist.), citing *Pinkney v. Salett*, 2011-Ohio-4121, ¶ 3 (8th Dist.), citing App.R. 12(A)(2); App.R. 16(A)(7); *Siemientkowski v. State Farm Ins.*, 2005-Ohio-4295 (8th Dist.). Appellate courts are not advocates, and the appellant bears the burden of constructing the legal arguments necessary to support their assignments of error. *Id.*, citing *Taylor-Stephens v. Rite Aid of Ohio*, 2018-Ohio-4714, ¶ 121 (8th Dist.) and *Doe v. Cuyahoga Cty. Community College*, 2022-Ohio-527, ¶ 26 (8th Dist.). Therefore, we decline to review Ms. Doe's claim that the trial court erred in reversing its previous decision based on these alleged procedural deficiencies.

{¶ 22} Accordingly, the trial court did not abuse its discretion by ultimately denying Ms. Doe's motion to proceed under pseudonym status. Ms. Doe's single assignment of error is overruled.

{¶ 23} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR