The STATE of Ohio, Appellee,

v.

WOOD, Appellant.

[Cite as *State v. Wood* (2001), 141 Ohio App.3d 634.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2000–CA–113.

Decided March 16, 2001.

*William F. Schenck*, Greene County Prosecuting Attorney, and *Robert K. Hendrix*, Assistant Prosecuting Attorney, for appellee.

*Richard T. Brown*, for appellant.

---

FAIN, Judge.

Defendant-appellant James M. Wood appeals from his conviction and sentence for retaliation, following his plea of no contest to that charge. Wood alleges that the trial court erred in overruling his motion to suppress statements he made to an unlicensed psychologist on the basis of the psychologist-patient privilege provided for in R.C. 4732.19 and 2317.02(B).

We conclude that because the psychologist-patient privilege provided for in R.C. 4732.19 and 2317.02(B) is in derogation of the common law, it must be strictly construed. Since R.C. 4732.19 expressly refers to *licensed* psychologists, it cannot be interpreted to cover unlicensed psychologists, where there is no evidence that the unlicensed psychologist was merely assisting a licensed psychologist, or that a licensed psychologist was playing a direct, supervisory role in the patient's treatment. Accordingly, the judgment of the trial court is affirmed.

I

In September 1999, Wood began seeking treatment from David Roush, a psychologist. Wood met with Roush on a weekly basis. In August 2000, Wood left a message on Roush's answering machine, informing him that he had just overdosed on his prescription medications, and asking him to tell his (Wood's) wife and children that he loved them and to say "goodbye" to them. Roush immediately called Wood, and determined that while he had indeed taken too much of his medication, an emergency squad was not necessary. Roush scheduled Wood for an immediate appointment at his office. Afterwards, Roush had Wood admitted at Dettmer Hospital for in-patient treatment.

During a treatment session on August 25, 2000, Wood informed Roush that he was "intensely angry" with his probation officer, Dawn Ward, and that if he had to deal with her again, he would have to hurt her. Wood even told Roush what type of firearm he would use to carry out his threat. On August 29, 2000, and while still a patient at Dettmer, Wood left another message for Roush on his answering machine, stating, "[I]f I have to report to Dawn, I'm going to have to hurt her."

On August 30, 2000, Roush contacted Ward, as well as two other Greene County probation officers, Allen Johnson and Linette Ogle, and informed them of Wood's threats. He followed up his telephone calls to each of these individuals with letters reiterating his previous warnings.

On September 18, 2000, Wood was indicted on one count of retaliation, pursuant to R.C. 2921.05(A), a felony of the third degree. The charge arose from the message Wood left for Roush, threatening harm to Ward, and from a statement that Wood made in Ward's presence wherein he allegedly said to her, "Aah, my favorite person, I'll get you."

Wood filed a two-branch motion to suppress, requesting that the trial court (1) exclude from evidence any statements he made to Roush, pursuant to the psychologist-patient privilege provided for in R.C. 4732.19 and 2317.02(B), and (2) dismiss the charge on the ground that the remaining evidence, i.e., the statements he made to Ward, were "far too vague to even make a prima fascia [sic] case."

On October 16, 2000, a hearing was held on Wood's motion. The only witness to testify was Roush, who related the facts set forth above. In addition, Roush testified that, although he had a doctorate in psychology, he was not yet licensed as a psychologist by the state of Ohio, because he was not eligible to take the licensing exam until the fall of 2000. Roush stated that he had taken the exam but had not yet received his results. Roush also testified that he "work[ed] with" Susan Dyer, who is a licensed clinical psychologist, and that "he work[ed] as a part of Dr. Dyer's group[.]"

On October 23, 2000, the trial court issued a journal entry overruling both branches of Wood's motion. The trial court held that because Roush was not a licensed psychologist, any statements Wood made to him did not fall under the psychologist-patient privilege provided for in R.C. 4732.19 and 2317.02(B). As a result of that ruling, the trial court found that Wood's request to dismiss the charges based on insufficient evidence was moot.

On November 15, 2000, Wood made an oral motion requesting that the trial court reconsider its refusal to exclude from evidence any statement that he had made to Roush, which the trial court overruled. Wood then entered a plea of "no

contest" to the charge of retaliation. In exchange for his plea, he was sentenced to a four-year term in prison but was guaranteed judicial release after serving six months.

Wood appeals from his conviction and sentence for retaliation following his no contest plea to that charge.

## II

Before addressing Wood's assignment of error, we must first address the state's contention that Wood waived this argument by pleading no contest. The state argues that while Wood styled his motion as a motion to suppress, his motion was actually a motion *in limine,* and rulings on liminal motions cannot be preserved by a no contest plea. We find the state's argument unpersuasive.

Crim.R. 12(B) provides, "Prior to trial, any party may raise by motion any defense, objection, *evidentiary issue,* or request that is capable of determination without the trial of the general issue." (Emphasis added.) Crim.R. 12(H) provides that "[t]he plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence."

■ Here, the issue of whether Wood's statements to Roush fall within the psychologist-patient privilege provided for in R.C. 4732.19 and 2317.02(B) is an evidentiary issue that is capable of determination without the trial of the general issue; therefore, Wood's plea of no contest does not preclude him from asserting upon appeal that the trial court prejudicially erred by overruling his "motion to suppress."

## III

Wood's sole assignment of error states:

"The court's failure to suppress the privileged communication to the defendant's psychologist created a substantial prejudice to the defendant's due process [rights]."

Wood argues that the trial court erred by concluding that because Roush was not a licensed psychologist, Wood's communications with him were not subject to exclusion pursuant to the psychologist-patient privilege provided for in R.C. 4732.19 and 2317.02(B). We disagree.

■ R.C. 2317.02(B) prohibits a physician from testifying about communications made to him by a patient except in certain instances set forth in the remainder of that statute. R.C. 4732.19 provides that the confidential relations and communications between a licensed psychologist or licensed school psycholo-

gist and client are placed upon the same basis as those between physician and patient under R.C. 2317.02(B). Because the statute governing privileged communications is in derogation of the common law, it must be strictly construed; consequently, only those relationships specifically mentioned therein are afforded protection. *Weis v. Weis* (1947), 147 Ohio St. 416, 34 O.O. 350, 72 N.E.2d 245, paragraph four of the syllabus, discussing G.C. 11494 (predecessor section to R.C. 2317.02[B] ).

Here, Roush was not a licensed psychologist at the time Wood made the communications to him that Wood now seeks to suppress. Nevertheless, Wood argues that the psychologist-patient privilege should apply in this case. After pointing out that Roush works for Susan Dyer, who is a licensed psychologist, Wood asserts, without citing any authority in support, that Dyer's "privilege extends to all of her staff and treating professionals." We find Wood's argument unpersuasive.

Generally, a patient's communications to a nurse have been held not to be privileged because nurses are not among those named in the statute governing privileged communications. See *Weis, supra*. However, when the nurse is the private nurse of a patient's physician, and has obtained knowledge of the patient's condition while acting as the physician's assistant, then the nurse cannot disclose any information, so acquired, that the physician, himself, could not disclose; otherwise, the privilege granted by statute would rarely be effective, given the reliance most physicians place on their nurses. 44 Ohio Jurisprudence 3d (1983) 163, Evidence and Witnesses, Section 811, citing *Humble v. John Hancock Life Ins. Co.* (1931), 28 Ohio N.P. (N.S.) 481. The same principles hold true for an attorney's secretary. See *Kler v. Mazzeo* (Mar. 21, 1991), Cuyahoga App. Nos. 58310, 58311, unreported, 1991 WL 39682.

■ Here, the evidence presented at the suppression hearing revealed that Roush was working as an associate in a group of psychologists headed by Dyer. However, there was no evidence that Dyer was actually Wood's psychologist and that Roush was assisting her. Wood was Roush's patient, and there was no evidence that Dyer was involved in any way in treating Wood. Since Roush was not a licensed psychologist at the time Wood made the communications to him at issue, those communications cannot be considered privileged pursuant to R.C. 4732.19 and 2317.02(B).

■ During his November 15, 2000 motion to reconsider, Wood's counsel represented that Roush worked under the supervision of Dyer. However, a representation by counsel does not constitute evidence; furthermore, even if this information had been brought out in testimony, it would still be insufficient to

change the result because it fails to show that Dyer was consulted in connection with Roush's treatment of Wood.

One additional issue needs to be addressed, even though Wood has not raised it at trial or on appeal. R.C. 2317.03 provides in that "[w]hen a case is plainly within the reason and spirit of this section and sections 2317.01 and 2317.02 of the Revised Code, though not within the strict letter, their principles shall be applied." R.C. 2317.03, otherwise known as the "dead man's" statute, has been abrogated by the adoption of Evid.R 601 and 804(B)(5). *Johnson v. Porter* (1984), 14 Ohio St.3d 58, 14 OBR 451, 471 N.E.2d 484, syllabus. Nevertheless, at least one authority has indicated that the "dead man's" statute retains some relevance. See 44 Ohio Jurisprudence 3d (1980) 137, Evidence and Witnesses, Section 787. However, that same authority states that "[t]o warrant the application of this clause, the case must, as provided, be plainly within the reason and spirit of the statute," and "[m]oreover, whatever its intended purpose, the clause cannot be employed to contravene the express provisions of the statute." (Footnotes omitted.) *Id.*

R.C. 2317.03 does not mention R.C. 4732.19, since the latter section was not adopted until the 1970s; nevertheless, R.C. 2317.03 is arguably relevant to matters involving R.C. 4732.19, because that statute places confidential communications arising from a psychologist-patient relationship on the same footing as those arising from the physician-patient relationship, which are privileged under R.C. 2317.02. However, even if R.C. 2317.03 is relevant to cases involving R.C. 4732.19, it would not change the result in the case before us. R.C. 4732.19 expressly provides that only communications between a *licensed* psychologist or a *licensed* school psychologist and client are placed on the same basis as communications between a physician and patient, which are privileged under R.C. 2317.02. As stated previously, R.C. 2317.03 cannot be used to contravene the express provisions of the statutes governing privilege. Furthermore, because Roush was not a licensed psychologist at the time Wood made the communications at issue to him, this case is not "plainly within the reason and spirit of the statute" governing privileged communications between licensed psychologists and their patients.

Wood's sole assignment of error is overruled.

### IV

Wood's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN and FREDERICK N. YOUNG, JJ., concur.