ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel. Regina Filer, the defendant-appellant in this case, appeals the decision of the common pleas court that denied her motions for a protective order and for summary judgment. For the reasons that follow, we affirm the trial court's decision denying the motion for protective order but dismiss the appeal as it pertains to the denial of appellant's motion for summary judgment because it is not final and immediately appealable.
{¶ 2} The record reveals that appellant and plaintiff-appellee, Denise M. Vandenhaute (Vandenhaute) were involved in a motor vehicle accident in August 2000 when the vehicle appellant was driving crossed the center line and collided head-on with Vandenhaute's vehicle. Vandenhaute and her husband thereafter filed a complaint against appellant seeking to recover for the injuries allegedly sustained in that accident. In the answer that followed, appellant claimed, inter alia, that the doctrine of sudden emergency precluded any recovery on the part of the Vandenhautes. In particular, it appears that appellant claims that she lost consciousness just prior to the accident and this loss of consciousnessmay, in part, be related to appellant's past medical history.
{¶ 3} Appellant moved for summary judgment claiming that Vandenhaute failed to maintain reasonable control of her vehicle when she failed to avoid the collision and, as such, it was Vandenhaute's own negligence that was the proximate cause of her injuries. Vandenhaute thereafter sought to depose appellant's treating physician and a physician's assistant. Arguing that the information sought was privileged, appellant moved for a protective order seeking to preclude the depositions from going forward. The trial court denied the motion. Appellant is now before this court and assigns two errors for our review.
{¶ 4} As a threshold matter, however, we must first address appellant's motion seeking to strike portions of the Vandenhaute appellate brief that refers to the deposition of appellant as well as to strike the same deposition attached in its entirety to that brief.[1] To the extent that appellant's motion seeks to exclude references to her deposition, the motion is granted. It is axiomatic that an appellate court's review is limited to the record that was before the trial court, no more and no less. State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus; see, also, State v. Moore, 93 Ohio St.3d 649,650, 2001-Ohio-1892. Since appellant's deposition was not filed with the trial court, we can neither consider it or the references to it during our review.
 I.
{¶ 5} In her first assignment of error, appellant contends that the trial court erred in denying her motion for a protective order when nothing in the record supports that she waived her physician-patient privilege. In particular, appellant claims that the Vandenhautes are attempting to gain information from her treating physician regarding whether appellant was intoxicated at the time of the accident.
{¶ 6} R.C. 2317.02 governs privileged communications and specifically provides that a physician shall not testify regarding a communication between that physician and his or her patient. See R.C.2317.02(B)(1). The same is true of communications by an assistant under the supervision of the physician. See State v. Wood (2001),141 Ohio App.3d 634, 638; see, also, State v. Grant (July 16, 1993), Lake App. No. 92-L-037, 1993 Ohio App. Lexis 3579.
{¶ 7} The privilege serves to encourage patients to freely disclose all necessary information to their physicians. In In re Loewenthal (1956), 101 Ohio App. 355, 357, this court stated:
 {¶ 8} It is said that the purpose of privilege is to protect one in need of medical aid against the disclosure and consequent publicity of his bodily ailments and to lend a sense of security and confidence to the relation so that a patient will not be reticent about disclosures that might be material to his [or her] physical welfare.
{¶ 9} See, also, State v. Antill (1964), 176 Ohio St. 61, 64-65. Like all privileges, the physician-patient privilege is intended to be used as shield of privacy, not a sword to escape liability or to otherwise gain an advantage. See Loewenthal, 101 Ohio App. at 358.
 {¶ 10} A waiver is to be predicated not only when the conduct indicates a plain intention to abandon the privilege, but also when the conduct (though not evincing that intention) places the claimant in such a position, with reference to the evidence, that it would be unfair and inconsistent to permit the retention of the privilege. It is not to be both sword and shield * * *.
{¶ 11} 8 Wigmore, Evidence (McNaughton Rev. 1961), Section 2388. Consequently, when a patient puts his or her medical condition at issue, the expectation of privacy that attaches to the privilege is lost and the privilege is considered waived.
{¶ 12} In answering the Vandenhautes' complaint, appellant claims that a sudden emergency excuses or otherwise acts as a defense to the Vandenhautes' allegations that appellant negligently caused their injuries. From the tenor of the motion for protective order, it appears that appellant has been under a physician's care for the treatment of hypertension and depression, for which she was taking prescription medicine. To complicate matters further, appellant was taking over-the-counter medication to treat the effects of a cold. It is the combination of the different medications that appellant claims caused her to become dizzy and lose consciousness just prior to the collision.
{¶ 13} Appellant is attempting to use her medical condition as a tool to excuse any alleged negligence on her part, which currently appears to be the law of this state.[2] To thereafter withhold that same information on the basis of privilege would defeat the Vandenhautes' ability to provide any successful counter argument. This appellant cannot do. Having placed her medical condition at issue, appellant cannot thereafter assert that the Vandenhautes are precluded from discovering that same information. Consequently, to the extent that the Vandenhautes seek information regarding appellant's medical condition as it pertains to her asserted defense of sudden emergency, the trial court correctly denied appellant's motion for a protective order.
{¶ 14} In her appellate brief, appellant claims that she withdrew the sudden emergency defense and so informed counsel for the Vandenhautes. Our review of the record does not support appellant's contention. While not denying any representations made by appellant to the Vandenhautes or their counsel, we find no such withdrawal apparent in the record before us.
{¶ 15} Appellant's first assignment of error is not well taken and is overruled.
 II.
{¶ 16} In her second assignment of error, appellant contends that the trial court erred in denying[3] her motion for summary judgment when it is uncontroverted that appellant's negligence was not the proximate cause of the Vandenhautes' injuries.
{¶ 17} We decline to address the merits of this assignment of error. Although the denial of a motion for a protective order satisfies the definition of final order under R.C. 2505.02 for purposes of appellate review, a denial of a motion for summary judgment does not. State ex rel. Overmeyer v. Walinski (1966), 8 Ohio St.2d 23; see, also, Celebrezze v. Netzley (1990), 51 Ohio St.3d 89. We are, therefore, without jurisdiction to consider appellant's second assignment of error. See Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02.
{¶ 18} Parenthetically we note that the Vandenhautes maintain that their opposition to appellant's motion was not yet due at the time of the appeal. We disagree. Appellant filed her motion on September 6, 2001. Under Loc.R. 11(I), the Vandenhautes had thirty days from that time, or until October 8, 2001, to file their opposition to the motion or otherwise request an extension of time. When the trial court issued its order denying the appellant's motion for a protective order on October 23, 2001, no such opposition or request to extend the response period was on record. An earlier discovery order established the dates for discovery, dispositive motions and for trial. It is true that the initial trial date was continued, but the order continuing the trial date did not otherwise disturb the earlier order establishing the cut-off date for the filing of or responding to any dispositive motions.
Judgment accordingly.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and TERRENCE O'DONNELL, J. CONCUR
[1] In this same motion, appellant also opposes the Vandenhautes' motion to supplement the record. We note that this court denied that motion on February 11, 2002.
[2] See Lehman v. Haynam (1956), 164 Ohio St. 595; see, also, Roman v. Estate of Gobbo (Dec. 20, 2001), Cuyahoga App. No. 79119, 2001 Ohio App. Lexis 5755, discretionary appeal allowed (2002), 95 Ohio St.3d 1436.
[3] The record reveals that the trial court never specifically journalized an entry denying appellant's summary judgment motion. Any pending motion not ruled on prior to an appeal is, nonetheless, presumed overruled. Georgeoff v. O'Brien (1995), 105 Ohio App.3d 373, 378.