**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Shubert v. Breaux*, Slip Opinion No. 2024-Ohio-2491.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2491

THE STATE EX REL. SHUBERT *v*. BREAUX, JUDGE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Shubert v. Breaux*, Slip Opinion No. 2024-Ohio-2491.]**

*Mandamus—Prohibition—Common pleas court judge's orders sealing documents in a criminal case were not supported by clear and convincing evidence and did not discuss whether less restrictive means of limiting public access were considered—Writ of prohibition granted barring judge from enforcing sealing orders—Writ of mandamus granted ordering judge to vacate sealing orders and to conduct a proper review of the documents sought to be restricted under Sup.R. 44 and 45—Motion to strike judge's motion to dismiss granted.*

(No. 2024-0675—Submitted June 18, 2024—Decided June 28, 2024.)

IN MANDAMUS AND PROHIBITION.

————————

The per curiam opinion below was joined by FISCHER, DEWINE, DONNELLY, STEWART, and DETERS, JJ. BRUNNER, J., concurred in part and dissented in part and would deny the motion to strike as moot. KENNEDY, C.J., concurred in judgment only in accordance with her separate opinion in *State ex rel. Cincinnati Enquirer v. Forsthoefel*, 2022-Ohio-3580.

**Per Curiam.**

{¶ 1} Relator, Craig Shubert, filed an original action in mandamus and prohibition against respondent, Summit County Common Pleas Court Judge Alison Breaux. Judge Breaux issued orders restricting public access to records in a criminal case currently pending before her. Shubert, a former journalist and a member of the public interested in that criminal case, seeks a writ of mandamus ordering Judge Breaux to vacate the orders and a writ of prohibition barring Judge Breaux from enforcing the orders. For the following reasons, we grant the writs.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual history

{¶ 2} In February 2024, Jeremiah Stoehr was indicted in the Summit County Court of Common Pleas on one count of rape, two counts of kidnapping, one count of gross sexual imposition, and one count of disseminating matter harmful to juveniles. The record contains some ambiguity regarding how many alleged victims there were, but at least one alleged victim was under the age of ten. Stoehr was a high school student when the complaint in this action was filed, and the criminal case against him has received media attention. Judge Breaux is presiding over Stoehr's pending criminal case. Shubert states that he is a former journalist who is interested in the proceedings of Stoehr's case. Stoehr is not a party to this extraordinary writ action.

{¶ 3} On May 9, Stoehr filed a motion in the trial court to seal the docket and remove public access to case filings during the pendency of Stoehr's case.

Stoehr's motion to seal states that after media began reporting on his case, Stoehr was assaulted and threatened, his parents were followed, and his address was published online. The motion was not supported by any affidavits. The same day the motion was filed, Judge Breaux issued an order granting it.

{¶ 4} On May 16, Judge Breaux sua sponte issued an amended sealing order. The amended order states that before Stoehr filed his motion to seal, the trial court held a meeting in chambers with the prosecution and defense counsel. During the meeting, "it was brought to the attention of the Court" that Stoehr, his family, and his counsel had been threatened, intimidated, and confronted. The prosecution also expressed a concern about the minor victim being identified. The trial court "weigh[ed] the risk of injury to persons, public safety and fairness of the adjudicatory process against the presumption of allowing public access to the docket and [found], by clear and convincing evidence, that the restricting [of] access to information in this case is warranted to protect the parties and counsel." The amended order directs the Summit County Clerk of Courts to remove any *online* public access to the docket or images in Stoehr's case and to remove *any* public access to the docket or images "regarding subpoenas, summons returns, search warrants, service returns, any court filing containing information protected under Marsy's Law, and any court filing containing private information of the Defendant or other records as provided by state, federal, or common law."

### B.  Procedural history

{¶ 5} On May 13, Shubert filed his complaint in this action and a motion for immediate issuance of a peremptory writ of mandamus and peremptory writ of prohibition, or alternatively for an order directing an expedited response. The initial complaint discusses only Judge Breaux's original sealing order because she had not yet issued the amended order. On May 17, Judge Breaux filed a motion to dismiss the complaint.

**{¶ 6}** On May 20, Shubert filed a memorandum opposing the motion to dismiss. He also filed a motion for leave to file a supplemental and amended complaint, which this court granted. 2024-Ohio-2087. The supplemental complaint includes discussion of the amended sealing order.

**{¶ 7}** In his supplemental complaint, Shubert seeks a writ of mandamus ordering Judge Breaux to vacate the sealing orders and, "pursuant to Ohio Sup.R. 44 and 45, to conduct a proper consideration of evidence and all legal standard[s] prior to imposing any restriction or prohibition, if any, upon public access to court documents" in Stoehr's case. Shubert also seeks a writ of prohibition barring Judge Breaux from enforcing the sealing orders.

**{¶ 8}** On May 30, this court denied the motion to dismiss the original complaint, issued an alternative writ, ordered Judge Breaux to answer, and ordered the submission of evidence and briefs. 2024-Ohio-2087. As evidence, Judge Breaux submitted her own affidavit, in which she summarizes the reasons that she granted the sealing orders. She also submitted an affidavit from Stoehr's father and an affidavit from Stoehr's mother. The affidavits from Stoehr's parents detail threats that Stoehr received online and in-person and state that Stoehr's mother reported to the police that a suspicious vehicle had been following her. The three affidavits are dated June 6—three weeks after Judge Breaux issued the amended order.

## II. LEGAL ANALYSIS

### A. *Shubert's motion to strike Judge Breaux's motion to dismiss*

**{¶ 9}** As an initial matter, after Shubert filed his motion for leave to file a supplemental complaint, but before the court granted that motion and accepted the supplemental complaint, Judge Breaux filed a motion to dismiss the supplemental complaint. Shubert has filed a motion to strike that motion to dismiss.

**{¶ 10}** Judge Breaux filed a motion to dismiss a complaint that we had not yet accepted for filing. Her motion was effectively a nullity. In addition, under

Civ.R. 15(E), "[i]f the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor." But we made no such order here. We therefore grant Shubert's motion to strike and strike the motion to dismiss the supplemental and amended complaint.

### B. Sup.R. 45 and access to court documents

{¶ 11} Certain information in court filings may be confidential under specific provisions of state or federal law or rules. *See* Sup.R. 44(C). But otherwise, court records are generally "presumed [to be] open to public access." Sup.R. 45(A); *see also State ex rel. Cincinnati Enquirer v. Forsthoefel*, 2022-Ohio-3580, ¶ 8.

{¶ 12} However, Sup.R. 45(E)(1) allows persons who are the subject of information in a case document to, by motion, "request that the court restrict public access to the information or, if necessary, the entire document." A court may also restrict public access to a case document on its own order. *Id.* The court shall restrict public access to a case document

> if it finds by clear and convincing evidence that the presumption of allowing public access is outweighed by a higher interest after considering each of the following:
>
> (a) Whether public policy is served by restricting public access;
>
> (b) Whether any state, federal, or common law exempts the document or information from public access; [and]
>
> (c) Whether factors that support restriction of public access exist, including risk of injury to persons, individual privacy rights and interests, proprietary business information, public safety, and fairness of the adjudicatory process.

Sup.R. 45(E)(2). Additionally, when restricting public access, the court must use the least restrictive means available. Sup.R. 45(E)(3).

**{¶ 13}** Any person may, by motion, request access to restricted case documents. Sup.R. 45(F). The court may hold a hearing on the motion. If the court finds "by clear and convincing evidence that the presumption of allowing public access is no longer outweighed by a higher interest," it may permit access to the case document. *Id.* In addition, "[a] person aggrieved by the failure of a court or clerk of court to comply with the requirements of Sup.R. 44 through 47 may pursue an action in mandamus" under R.C. Ch. 2731. Sup.R. 47(B).

### C. State ex rel. Cincinnati Enquirer v. Forsthoefel

**{¶ 14}** In *State ex rel. Cincinnati Enquirer v. Forsthoefel*, 2022-Ohio-3580, we decided issues similar to those raised by Shubert. Because our analysis relies on the opinion in *Forsthoefel*, we summarize it here.

**{¶ 15}** *Forsthoefel* involved an underlying marriage-dissolution case between former Treasurer of State Josh Mandel and his ex-wife. *Id.* at ¶ 2. The Mandels filed a motion in the trial court to seal 22 case documents. *Id.* Judge Forsthoefel granted the motion the day it was filed, "summarily concluding that the motion was 'well-taken,' " and sealed 21 of the 22 documents. *Id.* at ¶ 3. The Enquirer filed an action in this court for writs of mandamus and prohibition, requesting that Judge Forsthoefel be ordered to vacate and barred from enforcing his sealing order. *Id.* at ¶ 1.

**{¶ 16}** In *Forsthoefel*, we reiterated our conclusion from *State ex rel. Cincinnati Enquirer v. Shanahan*, 2022-Ohio-448, that because Sup.R. 47(B) explicitly allows a mandamus action as a remedy for a person aggrieved by a court's failure to comply with Sup.R. 44 through 47, the person does not need to show the lack of an adequate remedy in the ordinary course of the law. *Forsthoefel* at ¶ 10. Applying that conclusion, we determined that the Enquirer was not required to first file a motion in the trial court under Sup.R. 45(F) to obtain access to the sealed documents before bringing its mandamus action. *See id.* We held that Judge Forsthoefel's sealing order did not show the need for sealing by clear and

6

convincing evidence because it did not provide any analysis or disclose the evidence on which Forsthoefel based his conclusion. *Id.* at ¶ 15. Our opinion also noted that neither of the Mandels submitted an affidavit with the motion to seal explaining why sealing was necessary and found that the attorney's arguments in the motion to seal were "not evidence." *Id.* at ¶ 15.

{¶ 17} We also held that Judge Forsthoefel's sealing order was at odds with Sup.R. 45(E)(3)'s requirement that courts use the least restrictive means available of limiting public access, noting that the order did not disclose whether he had even considered a less restrictive means. *Forsthoefel*, 2022-Ohio-3580, at ¶ 17. We noted that Judge Forsthoefel had submitted as evidence in the writ action an affidavit explaining his sealing order but found that the affidavit was "beside the point" because "[t]his court [was] reviewing the correctness of Judge Forsthoefel's order, not his after-the-fact descriptions of that order." *Id.* at ¶ 18. We granted a "writ of prohibition barring Judge Forsthoefel from enforcing his order sealing the documents filed in the dissolution case and grant[ed] a writ of mandamus ordering him to vacate his sealing order and to conduct a proper review of the documents pursuant to Sup.R. 44 and 45." *Id.* at ¶ 25.

### D. Mandamus

{¶ 18} Shubert seeks a writ of mandamus ordering Judge Breaux to vacate the orders in Stoehr's case and, "pursuant to Ohio Sup.R. 44 and 45, to conduct a proper consideration of evidence and all legal standard[s] prior to imposing any restriction or prohibition, if any, upon public access to court documents" in Stoehr's case. To be entitled to a writ of mandamus, Shubert must prove by clear and convincing evidence: (1) a clear legal right to the relief he requests, (2) a clear legal duty on the part of Judge Breaux to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Manley v. Walsh*, 2014-Ohio-4563, ¶ 18.

*1. Adequate remedy in the ordinary course*
*of the law and related arguments*

**{¶ 19}** Judge Breaux argues that Shubert has an adequate remedy in the ordinary course of the law by filing a motion under Sup.R. 45(F) requesting access to the documents. But this argument is foreclosed by *Forsthoefel*. There, we reiterated that because Sup.R. 47(B) explicitly allows a person "aggrieved" by a court's failure to comply with Sup.R. 45 to bring a mandamus action, the person need not show the lack of an adequate remedy in the ordinary course of the law. *Forsthoefel* at ¶ 10; *see also Shanahan*, 2022-Ohio-448, at ¶ 18. Shubert does not first need to bring a Sup.R. 45(F) motion to unseal before bringing this mandamus action.

**{¶ 20}** Judge Breaux also argues that our holding in *State ex rel. Parisi v. Dayton Bar Assn. Certified Grievance Commt.*, 2019-Ohio-5157, supports her position that Shubert has an adequate remedy in the ordinary course of the law under Sup.R. 45(F). In *Parisi*, we held that Sup.R. 44 through 47 "set forth the process that the public must use to seek to obtain records held by the judicial branch." *Parisi* at ¶ 17. "If a party seeks to obtain judicial records through means other than Sup.R. 44 through 47, the party is not entitled to a writ of mandamus, as the Rules of Superintendence are the sole vehicle by which a party may seek to obtain such records." *Parisi* at ¶ 20. Judge Breaux thus argues that because Shubert did not first request access to the records under Sup.R. 44 through 47, he is not entitled to a writ of mandamus. But these statements in *Parisi* were made in the context of discussing whether the Public Records Act or the Rules of Superintendence governs requests for production of court records. *See id.* at ¶ 19-20. In this case, Shubert is not requesting production of records—he seeks a writ of prohibition barring Judge Breaux from enforcing the sealing orders and a writ of mandamus ordering her to vacate the orders.

**{¶ 21}** Similarly, Judge Breaux argues that Shubert is not "aggrieved" because he did not attempt to obtain "direct access" to the documents. *See* Sup.R. 44(J) (defining "direct access" as "the ability of any person to inspect and obtain a copy of a court record at all reasonable times during regular business hours at the place where the record is made available"). But Judge Breaux's sealing orders restrict "any public access" to a broad set of documents, and Shubert is not required to make a trip to the courthouse before bringing this case.

### 2. Compliance with Sup.R. 45

**{¶ 22}** Shubert argues that Judge Breaux did not comply with Sup.R. 45 when she issued the sealing orders for two reasons. First, he argues that Judge Breaux's sealing orders were not supported by *any* evidence, much less clear and convincing evidence. Second, he argues that Judge Breaux did not consider whether the sealing orders were the least restrictive means available to restrict public access.

**{¶ 23}** We review the correctness of Judge Breaux's order de novo. *Forsthoefel*, 2022-Ohio-3580, at ¶ 11. "A court shall restrict public access . . . if it finds by clear and convincing evidence that the presumption of allowing public access is outweighed by a higher interest . . . ." Sup.R. 45(E)(2).

**{¶ 24}** Stoehr filed with the trial court a motion to seal the docket which stated that after his criminal case received media attention, he had been assaulted and threatened, and that his parents had been followed by unknown vehicles. But the motion was not supported by an affidavit or any other evidence. *See Forsthoefel* at ¶ 15 (holding that arguments made in a motion to seal filed without an affidavit explaining why sealing was necessary are not evidence). In addition, the amended order states that "it was brought to the attention of the Court" at an in-chambers meeting with counsel that Stoehr, his family, and his counsel had been threatened and intimidated. But the information provided by counsel at this meeting was not supported by evidence. As "[w]e have long held . . . 'statements of counsel are not

evidence.' " *RNG Properties, Ltd. v. Summit Cty. Bd. of Revision*, 2014-Ohio-4036, ¶ 28, fn. 1, quoting *Corporate Exchange Bldgs. IV & V, L.P. v. Franklin Cty. Bd. of Revision*, 82 Ohio St.3d 297, 299 (1998); *see also State v. Wood*, 141 Ohio App.3d 634, 638 (2d Dist. 2001) (stating that "a representation by counsel does not constitute evidence"). Finally, as evidence in this action, Judge Breaux has submitted affidavits from Stoehr's parents that detail threats Stoehr received online and in-person, and state that they reported to the police that a suspicious vehicle had followed Stoehr's mother. But these affidavits postdate the amended order and thus Judge Breaux could not have relied on them when she issued the amended order. In sum, the amended order's statement that restricting access to the court documents was necessary to protect Stoehr and his counsel was not supported by any evidence.

{¶ 25} Judge Breaux's brief largely fails to address Shubert's argument that the assertions regarding Stoehr's safety made in Stoehr's motion to seal and during the in-chambers meeting were not supported by evidence. Rather, the gravamen of her brief is that if Shubert believes that he is entitled to information in the case documents he can file a Sup.R. 45(F) motion to access them. But Judge Breaux's argument flips the procedures set forth in Sup.R. 44 through 47 on their head. In order to restrict access to court documents, a court must first determine by clear and convincing evidence that the presumption of allowing public access is outweighed by a higher interest. Sup.R. 45(E). Only then is a person required to file a Sup.R. 45(F) motion to access the documents. Here—at the time of the amended order— there was no testimony or other evidence before the court regarding any threats or dangers to Stoehr or his family, only unsupported assertions. We conclude that such assertions are not enough to establish by clear and convincing evidence that restricting access is necessary.

{¶ 26} Shubert also argues that Judge Breaux did not adequately consider whether the amended order was the least restrictive means available to restrict

public access. We agree. When restricting public access to case documents a court must use the "least restrictive means available." Sup.R. 45(E)(3); *see also Forsthoefel*, 2022-Ohio-3580, at ¶ 9. Means less restrictive than limiting access to an entire document include redacting certain information within a document, restricting remote access but maintaining direct access, and using initials or other identifiers in place of parties' proper names. Sup.R. 45(E)(3). Here, the amended order does distinguish between documents that are restricted in their entirety and documents that are accessible directly but not remotely. But the amended order does not address how Judge Breaux decided which documents should be placed in which category. And it fails to disclose whether she considered less restrictive means, such as only redacting certain information within each document.

{¶ 27} Judge Breaux stresses that the amended order also states that restricting access is necessary to protect the identity of the minor victim and other information protected by Marsy's Law, *see* Ohio Const., art. I, § 10a, or by other state, federal, or common law. But this information is protected from disclosure even absent the amended order. *See* Sup.R. 44(C)(2)(a) (excluding from the definition of "case document" information "exempt from disclosure under state, federal, or the common law"); *see also* R.C. 2930.07 (generally prohibiting, upon victim request, disclosure of the victim's identity).

{¶ 28} In sum, Shubert has shown that the sealing orders do not meet the requirements of Sup.R. 45.

### 3. Remaining arguments

{¶ 29} Judge Breaux argues, citing *State ex rel. Richfield v. Laria*, 2014-Ohio-243, ¶ 2, that mandamus cannot be used to challenge her discretion in issuing a sealing order. But in *Forsthoefel*, we addressed this same argument based on *Laria* and rejected it. *Forsthoefel*, 2022-Ohio-3580, at ¶ 20.

{¶ 30} Judge Breaux also briefly argues that this case differs from *Forsthoefel* because criminal cases implicate constitutional rights that are not

present in civil matters. She generally cites Ohio Constitution, Article I, Section 10 (rights of an accused) and Section 10a (rights of victims), but does not state with specificity what these rights entail. Nor does she explain why these rights would be imperiled if she cannot seal documents without meeting the requirements in Sup.R. 45. We need not address this undeveloped constitutional argument. *See Mason City School Dist. Bd. of Edn. v. Warren Cty. Bd. of Revision*, 2014-Ohio-104, ¶ 38 (rejecting undeveloped constitutional argument that lacked authority and argumentation).

### iv. Mandamus relief

**{¶ 31}** Shubert has established that the sealing orders were not supported by clear and convincing evidence and did not address whether less restrictive means would adequately protect the information. We conclude that Judge Breaux erred in issuing the orders and that Shubert is entitled to relief. However, Judge Breaux asserts that some information in the documents is protected from disclosure under state, federal, or common law, including victim-identifying information, which would not qualify as court records. *See* Sup.R. 44(C)(2); *see also* Sup.R. 44(B). As we did in *Forsthoefel*, we grant a writ of mandamus ordering Judge Breaux to vacate the sealing orders and to conduct a proper review of the documents that are the subject of the orders. *See Forsthoefel* at ¶ 23. This new review will allow Judge Breaux to protect any restricted information from being disclosed and to review any evidence regarding danger to Stoehr, his family, or his counsel that is properly before the court at that time.

### E. Prohibition

**{¶ 32}** Shubert also seeks a writ of prohibition barring Judge Breaux from enforcing the sealing orders. To be entitled to a writ of prohibition, Shubert must prove by clear and convincing evidence that (1) Judge Breaux exercised judicial power, (2) the exercise of that power was unlawful, and (3) he lacks an adequate remedy in the ordinary course of the law. *State ex rel. Federle v. Warren Cty. Bd.*

*of Elections*, 2019-Ohio-849, ¶ 10.  In *Forsthoefel* we summarily granted a writ of prohibition barring the trial judge from restricting access to the records at issue there, reasoning that because the relator had shown entitlement to a writ of mandamus, it was necessarily entitled to a writ of prohibition.  *Forsthoefel*, 2022-Ohio-3580, at ¶ 24; *see also Shanahan*, 2022-Ohio-448, at ¶ 29.  Similarly here, because Shubert has shown entitlement to a writ of mandamus, we conclude that Shubert is also entitled to the requested writ of prohibition.

### F.  Shubert's constitutional argument

**{¶ 33}** Shubert also argues that in addition to the Rules of Superintendence, his relief in mandamus and prohibition is warranted by the First Amendment of the United States Constitution.  Because we conclude that Shubert is entitled to relief on other grounds, we do not need to address his constitutional argument.  *See State ex rel. Vindicator Printing Co. v. Wolff*, 2012-Ohio-3328, ¶ 42 (finding that this court need not address the relator's constitutional claims, because relator established entitlement to relief under the Rules of Superintendence).[1]

### III.  CONCLUSION

**{¶ 34}** The sealing orders state that restricting access to the case documents is necessary because of danger to the criminal defendant, his family, and his counsel.  However, no evidence regarding such danger was before the court when Judge Breaux issued the orders, so this danger could not have been established by clear and convincing evidence.  In addition, the sealing orders do not discuss whether Judge Breaux considered a less restrictive means to limit public access.

**{¶ 35}** We therefore grant a writ of prohibition barring Judge Breaux from enforcing her orders sealing the documents filed in the underlying criminal case.

---

1. In his supplemental complaint, Shubert requests that this court "retain jurisdiction over Judge Breaux concerning" any additional sealing orders that she might issue in response to the writs. Shubert does not address this request for relief in his merit brief, so he has waived it.  *See State ex rel. Stuart v. Greene*, 2020-Ohio-3685, ¶ 10.

We also grant a writ of mandamus ordering Judge Breaux to vacate her sealing orders and to conduct a proper review of the documents sought to be restricted under Sup.R. 44 and 45.

**{¶ 36}** We also grant Shubert's motion to strike Judge Breaux's motion to dismiss the proposed verified supplemental and amended complaint, and we strike the motion to dismiss.

Writs granted.

_____

The Law Firm of Curt C. Hartman and Curt C. Hartman, for relator.

Elliot J. Kolkovich, Summit County Prosecuting Attorney, and Jennifer M. Piatt, Assistant Prosecuting Attorney, for respondent.

_____