[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Golub v. Werren*, Slip Opinion No. 2025-Ohio-2950.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-2950

GOLUB, APPELLANT, *v.* WERREN, JUDGE, APPELLEE.[1]

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Golub v. Werren*, Slip Opinion No. 2025-Ohio-2950.]**

*Prohibition—Attorney failed to show that probate court lacked jurisdiction to hold hearing in underlying estate cases or to order him to return fees he had collected from estates—Attorney's objections to probate-court judge's management of the estate cases are not cognizable in prohibition—Court of appeals' summary-judgment order in favor of probate-court judge affirmed.*

(No. 2024-1531—Submitted April 22, 2025—Decided August 21, 2025.)

APPEAL from the Court of Appeals for Stark County,

No. 2024CA00075, 2024-Ohio-4559.

_____

_____

1. Stark County Probate Court Judge Dixie Park was the probate judge who held the hearings in the underlying estate cases. Judge Park has retired, and the cases have been reassigned to Judge Curt Werren. In accordance with the Supreme Court Rules of Practice, we substitute him as appellee in this action. *See* Rule 4.06(B).

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, attorney Gerald Golub, represented the estates and their fiduciary in four related estate cases. When his representation was terminated, he filed a tort action in the Stark County Probate Court against the fiduciary, the fiduciary's wife, and their new counsel. The probate court dismissed the action for lack of subject-matter jurisdiction.

{¶ 2} After Golub refiled his tort action in the general division of the common pleas court, the probate court ordered him to appear for a hearing in the estate cases. Golub petitioned the Fifth District Court of Appeals for a writ of prohibition to prevent the probate court from holding the hearing, asserting that the probate court was trying to exercise authority over Golub's tort action that was pending in the general division. He also named the fiduciary, the fiduciary's wife, and their new counsel as respondents. The Fifth District did not expedite the prohibition case, and the probate court held the hearing in the estate cases.

{¶ 3} At the hearing, the probate court asked Golub whether he had accepted attorney fees from the estates without the court's approval. Golub admitted he had done so, and the court ordered him to return the fees to the estates. Shortly thereafter, the Fifth District granted summary judgment against Golub in the prohibition case. He now appeals from that judgment.

{¶ 4} Because Golub has not shown that the court lacked jurisdiction to hold the hearing or to order him to return the fees he had collected from the estates, we affirm the Fifth District's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 5} Louis Shurman named William and Tiffany Sharrard as fiduciaries and primary beneficiaries in his will. Shurman died in December 2021, following

the deaths of his mother, Irene Shurman, and his siblings, Gerald Shurman and Darlene Shurman, all three of whom had died intestate. William agreed to serve as fiduciary, and the Sharrards hired Golub to represent them and the four Shurman estates in four cases before the probate court. *See In re Estate of Shurman*, Stark P.C. Nos. 241722, 244969, 244970, and 244971 (collectively, "the estate cases").

{¶ 6} After a couple of years, the Sharrards decided to change counsel and terminated Golub. Golub collected $43,560 from the estates before the bill or accounts of the estates were submitted to the probate court for its approval.

{¶ 7} Golub sued the Sharrards, Laura Mills (the estates' new lawyer), and Mills's law firm in the probate court, alleging breach of contract and tortious interference. *See Golub v. Shurman*, Stark P.C. No. 247226. After the probate court dismissed the tort case for want of subject-matter jurisdiction, Golub refiled it in the general division. *See Golub v. Sharrard*, Stark C.P. No. 2023 CV 2100. The general division dismissed the case for want of subject-matter jurisdiction, reasoning that the probate court has exclusive jurisdiction over matters relating to the administration of an estate and the distribution of its assets. Golub appealed to the Fifth District. *See* Stark App. No. 2024CA00022.

{¶ 8} While that appeal was pending, the probate court set a deadline for the final accounts to be filed in the estate cases. Mills requested a status conference, which was held in April 2024. Golub was no longer the attorney of record in the cases, and he received no notice of the status conference. After the status conference, the probate court issued citations for Golub and William Sharrard to appear at a hearing, asserting that they could be held in contempt of court if they failed to appear.

{¶ 9} Four days before the hearing, Golub filed in the Fifth District a petition requesting a writ of prohibition and a preliminary injunction. He named the probate judge, the Sharrards, Mills, and Mills's firm as respondents. He asserted that the probate court lacked subject-matter jurisdiction to hold the hearing

in the estate cases because it had previously dismissed the tort case for want of subject-matter jurisdiction. And noting that he had refiled the tort case in the general division and that the appeal in that case was pending before the Fifth District, he asserted that the probate court lacked jurisdiction to proceed in the estate cases.

{¶ 10} The citation hearing went forward in the probate court before the Fifth District ruled on the prohibition petition. Golub alleges that at the hearing, Judge Dixie Park first asked Golub to wait outside the courtroom for about five minutes while the judge spoke with Mills. Once she admitted Golub into the courtroom, Judge Park asked him whether he had accepted fees from the estates without her approval. Golub admitted that he had done so. On May 15, two days after the hearing, Judge Park issued an order directing Golub to return the fees to the estates within seven days and directing Sharrard to file final accounts of the estates by May 23. Though at the hearing Golub had agreed to return the fees, he later appealed the order to the Fifth District.

{¶ 11} Meanwhile, Judge Park filed a motion in the Fifth District to dismiss Golub's prohibition petition. In the motion, Judge Park explained that the probate court had jurisdiction to hold the citation hearing and order the return of attorney fees to the estates. Upon Golub's request, the Fifth District converted this motion into one seeking summary judgment because it referred to evidence outside the pleadings. In his response to Judge Park's motion, Golub again asserted that the probate court's previous dismissal of the tort case and the pendency of his appeal from the general division's dismissal of the refiled tort case had divested the probate court of subject-matter jurisdiction over the estate cases. He added that Judge Park's failure to explain the reason for the citation hearing before holding the hearing was a due-process violation.

{¶ 12} The Fifth District granted Judge Park's motion, dismissing Golub's petition for a writ of prohibition.[2] It held first that the petition was moot to the extent that Judge Park had already held the citation hearing. 2024-Ohio-4559, ¶ 15. It went on to conclude that the probate court had had subject-matter jurisdiction to consider Golub's acceptance of attorney fees without the court's approval because his acceptance of the fees pertained to the estate cases, not the tort case, and the probate court has exclusive jurisdiction over estate cases. *Id.* at ¶ 18-20. And although the Sharrards, Mills, and Mills's firm had not responded to the petition, the Fifth District determined that a writ of prohibition could not be issued against them, as they are not judges. *Id.* at ¶ 21-23. Golub now appeals.

## II. ANALYSIS

### A. Golub's supplement is stricken in part

{¶ 13} As an initial matter, Golub filed an 865-page supplement with his merit brief. Included in this supplement are multiple documents filed in *Bressi v. Thompson*, Summit App. No. 30445, an unrelated case in which Mills appeared as counsel. Because these documents are not in the record certified by the Fifth District, they were improperly included in Golub's supplement. *See State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 9. Plus, since they concern a nonjudicial party, they are irrelevant to the writ, as explained below. We therefore sua sponte strike all the documents concerning the *Bressi* case that are included in the supplement.

### B. Golub's motion to amend, though unnecessary, is well-taken

{¶ 14} About a week after his reply brief was filed, Golub filed a motion for leave to amend it. Appellee, Judge Curt Werren, who was ultimately assigned the estate cases following Judge Park's retirement, did not file a response to this motion. Golub's only amendment in the new version of his reply brief is to change

---

2. The Fifth District asserted that it was dismissing the petition, but because it had properly converted the motion from a Civ.R. 12(b)(6) motion to dismiss into a Civ.R. 56 motion for summary judgment, it should have said that it was denying the writ on the merits.

"may" to "may not" in a single sentence. Though his motion is not necessary as the typo was evident from context without amendment, we grant the motion under Supreme Court Rule of Practice 3.13(B)(3).

### C. Golub's motion "to suggest mootness and reverse" is denied[3]

{¶ 15} Golub has also filed a motion "to suggest mootness and reverse," challenging the merit brief filed by Judge John S. Campbell, who temporarily succeeded Judge Park before he was succeeded by Judge Werren. Golub asserts that Judge Campbell changed the probate court's position on each proposition of law Golub had asserted in this court and that the judge had "expressly adopted" some positions that Golub made in his briefing before this court. After succeeding Judge Campbell, Judge Werren filed a response in opposition to the motion.

{¶ 16} The argument that Golub presents in this motion does not support his assertion that the probate court has changed its positions. Golub asserts that the probate court's order scheduling a citation hearing indicates that its earlier order directing Golub to appear or risk being held in contempt was procedurally deficient. But as Judge Werren notes in his response, the order directing Golub to appear was issued to compel him to explain his acceptance of attorney fees without the probate court's approval. The citation hearing was not a contempt hearing; the order stated only that Golub might be held in contempt of court if he chose not to appear.

{¶ 17} Golub further argues in the motion that by approving attorney fees charged by Mills before the estates had been resolved, the probate court contradicted its prior order directing him to return fees Golub had accepted without

---

3. On June 27, 2025, after we declined jurisdiction in two of Golub's other pending appeals, Golub filed a document styled as a "second motion to suggest mootness." He concludes this one-page filing by stating that "[t]he lack of opposition in the other proceedings means mootness and reversal here in prohibition." Golub's filing does not make clear what he thinks is moot, why it is moot, or what the effect of this mootness would be. Neither does his filing request any particular relief. To the extent that the filing requests that this court take any action, we deny his request.

the court's approval. But as Judge Werren explains, whereas Mills requested the court's approval of the fees, Golub just took them.

{¶ 18} Because Golub's assertions in this motion are specious, we deny the motion.

### D. Golub's motion to strike is denied

{¶ 19} Finally, Golub has filed a motion to strike the merit brief filed by Judge Campbell as well as Judge Werren's response to Golub's motion "to suggest mootness and reverse." Golub asserts that the brief and the response were filed in the name of former Judge Park after her retirement. Judge Werren filed a response in opposition to this motion, pointing out that although the judge assigned to the estate cases had changed, "the court's authority, which is at issue, has not." Judge Werren also points out that Civ.R. 25(D)(1), a rule parallel rule to Supreme Court Rule of Practice 4.06, allows automatic substitution of a former public officer's successor as a party in a suit whenever the officeholder was named in his or her official capacity. After that substitution, proceedings "shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded." Civ.R. 25(D)(1).

{¶ 20} This court has the authority to substitute the current officeholder for the former public officer initially named in a suit in his or her official capacity. Rule 4.06(B). We have done so here. A party's failure to name in a filing the current holder of a judicial office has no effect on the arguments made in the filing, because the arguments are made on behalf of the court that was sued. In a prohibition case, the issue is the extent of a court's authority and a judge's exercise of that authority in his or her official capacity as a judge. We therefore deny Golub's motion to strike and proceed to consider the merits of the appeal.

### E. Golub's motion for judicial notice is denied

{¶ 21} On July 18, 2025—nearly five months after the close of briefing—Golub filed a motion for judicial notice. He asks us to take judicial notice of the

alleged existence of audio recordings of two probate-court hearings. He asserts that Judge Park previously refused to produce one of these recordings and found that the other one did not exist. He further states that in July 2025, he sent the probate court a public-records request for the recordings, that a probate-court employee informed him that the recordings exist, and that the employee has not yet been able to produce them. We deny the motion. "A reviewing court generally may not add matter to the record before it and then decide the appeal on the basis of the new matter." *State ex rel. Harris v. Turner*, 2020-Ohio-2901, ¶ 16. Moreover, the items Golub asks us to take judicial notice of, to the extent that they are relevant to Golub's appeal, relate to disputed facts in the case. "The only facts subject to judicial notice are those that are 'not subject to reasonable dispute.'" *State ex rel. Arnold v. Gallagher*, 2018-Ohio-2628, ¶ 31, quoting Evid.R. 201(B).

### F. Golub's objections to Judge Park's management of the estate cases are not cognizable in prohibition

{¶ 22} The writ of prohibition is an extraordinary remedy by which a superior court prevents an inferior court from acting beyond its jurisdiction. *State ex rel. Rhodes v. Solether*, 162 Ohio St. 559, 562 (1955). To establish a basis for a writ of prohibition, Golub would have to prove by clear and convincing evidence that (1) the probate judge exercised judicial power, (2) the exercise of that power was unauthorized by law, and (3) denying the writ would result in injury for which there is no adequate remedy in the ordinary course of law. *State ex rel. Shubert v. Breaux*, 2024-Ohio-2491, ¶ 32. We review de novo an order granting summary judgment denying a writ of prohibition. *State ex rel. Jones v. Paschke*, 2024-Ohio-135, ¶ 6.

{¶ 23} There is no dispute that the probate court exercised judicial power when it held hearings in the estate cases, including the citation hearing.[4] Nor is there any dispute that the probate court exercised judicial power when it ordered Golub to return to the estates the fees he had accepted without the court's approval.

{¶ 24} Golub asserts that the probate court patently and unambiguously lacked jurisdiction to hold the citation hearing. Golub claims that under *In re Oliver*, 333 U.S. 257 (1948), the probate court's failure to give "notice of the accusation" prior to the citation hearing violated his due-process rights. *Oliver* involved a contempt hearing and conviction that took place before a judge serving as a grand jury. Here, the probate court's order directing Golub to appear at the citation hearing referred to contempt as the possible consequence if he chose to ignore the order. *Oliver* is therefore inapposite.

{¶ 25} Golub further claims that once the probate court ruled that it lacked jurisdiction over the tort case, the court lacked authority in the estate cases to issue the May 15 order directing him to return the attorney fees he had accepted from the estates. Golub is wrong. As the Fifth District determined, *see* 2024-Ohio-4559, at ¶18, the probate court clearly has statutory subject-matter jurisdiction over matters directly concerning estates in probate, R.C. 2101.24. Such matters include issues involving the payment of counsel. *See* R.C. 2101.24(A)(1)(c). Therefore, although whether Golub is owed damages for breach of contract and/or tortious interference was an issue to be resolved in the tort case, whether he must wait until after final accounts have been filed in the estate cases to accept the $43,560 in fees he charged the estates is an issue within the subject-matter jurisdiction of the probate court.

---

4. The Fifth District aptly held that Golub's petition for a writ of prohibition is moot to the extent that he was seeking to prevent the probate court from holding the citation hearing. As Golub suggests on appeal, however, when there is a patent and unambiguous lack of jurisdiction, a writ of prohibition can be granted to "prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions." *State ex rel. Wilkinson v. Reed*, 2003-Ohio-2506, ¶14. We therefore consider Golub's claims to the extent that he seeks such relief.

{¶ 26} The probate court ordered Golub to return the $43,560 in fees he had received from the estates. Stark P.C. Nos. 241722, 244969, 244970, and 244971, at 5 (May 15, 2024). The Fifth District was right to determine that the probate court had the authority to do so. *See* 2024-Ohio-4559 at ¶20. The probate court has never indicated that Golub will be barred from receiving any compensation he earned from the estates. It has merely instructed him to wait until the proper time to accept attorney fees.

{¶ 27} Golub also asserts that the probate court violated Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution by barring him from the courtroom for a few minutes at the beginning of the citation hearing. In addition, Golub raises in passing (but does not support with evidence) various other complaints about Judge Park's conduct before, during, and after the hearing. He accuses her of failing to certify audio recordings of the citation hearing, withholding video recordings of the hearing, forcing him to attend the hearing without notice of the accusation against him, participating in ex parte communications with Mills, failing to provide advance notice of the purpose of the hearing, and filing an inaccurate transcript in an affidavit-of-disqualification proceeding he filed against her. These complaints all challenge Judge Park's exercise of her discretion in managing cases properly before the probate court. A judge's exercise of the court's legitimate authority is a matter of the judge's discretion, not the court's jurisdiction, so determining the lawfulness of that use of discretion is not a matter for the extraordinary writ of prohibition. *See State ex rel. Mason v. Burnside*, 2007-Ohio-6754, ¶ 11; *Berthelot v. Dezso*, 1999-Ohio-100, ¶7-8; *State ex rel. Thomson v. Court of Claims*, 1997-Ohio-322. ¶5.

{¶ 28} As a natural corollary, Golub had an adequate remedy in the ordinary course of law for these alleged nonjurisdictional errors by way of appeal in the Fifth District. An appeal is a remedy in the ordinary course of law that precludes a writ of prohibition. *State ex rel. Watkins v. McNamara*, 2025-Ohio-979, ¶ 15-16. Golub

has, in fact, already raised these issues in his appeal to the Fifth District from the probate court's judgment in the estate cases. *See* Stark App. No. 2024-CA-00088 through 2024-CA-00091. So, because Judge Park acted within the scope of the probate court's subject-matter jurisdiction and because an adequate remedy at law was available in the appeal that Golub has filed, we affirm the Fifth District's dismissal of the prohibition action as to the probate court.

{¶ 29} Golub also named the Sharrards, Mills, and Mills's law firm as respondents in his prohibition petition. A writ of prohibition can halt only judicial or quasi-judicial action. *State ex rel. Save Your Courthouse Commt. v. Medina*, 2019-Ohio-3737, ¶ 26. Golub has not alleged that these parties are judicial actors. Therefore, the Fifth District was right to conclude that because these parties could not exercise judicial or quasijudicial power, no writ of prohibition can be issued against them.

### III. CONCLUSION

{¶ 30} Golub has not shown that the probate court lacked jurisdiction to hold a hearing to track down the fees he took from the estates he was representing or to issue an order directing him to return those fees. For all other claims he raised, he both had and exercised an adequate remedy in the ordinary course of law through his appeal from the probate court's judgment. We affirm the Fifth District Court of Appeals' judgment dismissing his petition, grant his motion to amend his reply brief, deny his two motions "to suggest mootness and reverse," deny his motion to strike the merit brief filed by Judge Campbell and Judge Werren's response to Golub's motion "to suggest mootness and reverse," and deny his motion for judicial notice.

Judgment affirmed.

_____

Golub Law Office and Gerald Golub, for appellant.

Kyle L. Stone, Stark County Prosecuting Attorney, and Robert Duffrin, Assistant Prosecuting Attorney, for appellee.

_____